[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 651 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 652 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 653 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 654 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 656 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 657 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 659 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 660 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 661 
The defendants' motion to dismiss the complaint as to all the notes except the first, was altogether inappropriate, and the exception to the refusal to dismiss is unavailing. It is conceded, on the part of the defendants, that a good cause of action was made out upon the *Page 662 
first note. It is contended, however, in respect to the residue of the notes, that they are not negotiable promissory notes, but that they are part and parcel of the contract between the defendants and the payee, and are subject to the terms and conditions of that contract in the hands of the plaintiff. It is not material, in my judgment, to determine whether these instruments are strictly negotiable promissory notes, unless it shall be found upon examination that the agreement proved and read by the defendants upon the trial, and the other matters offered to be proved by them, would constitute a defense in case the notes should be held to be not negotiable. Because no question was raised upon the trial as to whether the plaintiff could obtain title to the instruments by the mere endorsement and delivery of the same by the payee; and it cannot be raised here. Had it been raised upon the trial, the plaintiff might, peradventure, have given other proof of his title.
Regarding the plaintiff, therefore, as having the legal title to the notes, and as the proper party to the action, let us see whether the matters proved, and offered to be proved, conceding the instruments not to be negotiable, would constitute any defense. By the contract it was stipulated that Barnum should have his election either to hold and take the stock and cancel the principal note and these interest notes, or to enforce the payment of said principal note and the interest notes. And in case he enforced the notes, and upon payment thereof, by the defendants, he was to re-transfer said stock to them, and not otherwise. He could do either, at his option, at the expiration of the stipulated time, without any preliminary act, determination or notice. If he chose to enforce the notes, or cause them to be enforced, then he was bound to return the stock when the notes were all fully paid, and not before. Payment was most clearly a condition precedent to Barnum's obligation to re-transfer the stock, and to their right to have it, should the notes be enforced. His right to enforce *Page 663 
the notes, or to cause them to be enforced, is absolute and unconditional. He was in no respect bound either to give notice of his election, or to offer to transfer back the stock to enable himself to enforce the notes. This is very clear. The question then arises whether the evidence, had the defendants been allowed to give it, of the pledge of the stock as collateral, by Barnum, before the maturity of the notes, and that they were still held in pledge, would have proved, or tended to prove, that he had elected to hold and take the stock absolutely, so as to entitle the defendants to have the notes cancelled according to the agreement. Most certainly not. Even if it was pledged, it was in a situation to be redeemed, and the law will presume that the party will do whatever is necessary to be done to fulfil his contract, so long as it can be plainly seen that performance is within his power. He had not, according to the offer, put it out of his power to perform, when the defendants should be entitled to demand it. He was not, therefore, either in default, or in such a situation that a default on his part would necessarily happen, when the notes should be paid.
By transferring the notes absolutely to a third party, Barnum has necessarily elected to have them enforced, and will be bound to re-transfer the stocks to the defendants as soon as they shall have paid the notes. If he does not they will have their remedy upon the agreement.
But manifestly the notes are not cancelled, and nothing which was proved, or offered to be proved, would constitute any defense to the action.
If it were necessary to determine the question whether these several instruments, with the exception of the first, were negotiable, so as to protect the holder, taking them before maturity, from the provisions of the contract without any other notice than what appears upon their face I should incline most decidedly to the opinion that they were not, but would be affected and controlled by the contract, *Page 664 
in the hands of any holder. They are provided for in the contract, and the contingency upon which they are to be cancelled without payment, specified. In the three last, in the order of date, it will be seen that the promise is in express terms, to pay according to the conditions of this contract. And in all the others, except the first, while the promise to pay seems to be absolute and unconditional, there is yet in the body of each, incorporated as part of the instrument, a statement in substance that it is given in accordance with the conditions of this contract. To be in accordance with the conditions of the contract they would of course be subject to be given up, or cancelled, without payment, in case Barnum should elect to hold and take the stock at the period of their maturity. And any one, would I think, on taking them, be bound to take notice of the conditions of the contract referred to. The statement, I think is something more than a mere earmark by way of identification of the transaction in which the notes had their inception. It is a general principle that a cotemporaneous contract in writing may vary the face of a note where the two instruments are connected by cross reference, as they are here. (2 Parsons on Notes and Bills, 536.) See also the same volume, pages 534 to 544, inclusive, where the whole subject of the effect of collateral written contracts, upon notes, is treated of, and the authorities cited. I have not thought it necessary, however, that this question should be passed upon here.
My conclusion is that the judgment should be affirmed.