LORENZ REICH, Appellant, *v.* WILLIAM F. COCHRAN, Respondent.

RES ADJUDICATA — LANDLORD AND TENANT. A valid judgment, regularly obtained by the landlord in summary proceedings to dispossess a tenant for non-payment of rent, is a bar to an action brought by the tenant against the landlord to cancel the lease between them, on the grounds that it was intended as a mortgage and was usurious, although those questions were not actually litigated or considered in the summary proceedings.

*Reich* v. *Cochran*, 74 Hun, 551, affirmed.

(Argued October 29, 1896; decided December 1, 1896.)

APPEAL from a judgment of the General Term of the Supreme Court in the first judicial department, entered January 6, 1894, which affirmed a judgment in favor of defendant

entered upon a decision of the court dismissing the complaint on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Delos McCurdy* for appellant. When the second action between the parties is upon a different claim or demand, a former judgment is not a bar as to all matters which might have been litigated and decided therein; but in the second action such former judgment is a bar only as to the material and essential facts which were actually put in issue in the former action and litigated and necessarily determined therein in order to support the judgment. (*Russell v. Place*, 94 U. S. 610; *Bell v. Merrifield*, 109 N. Y. 202; *Bissell v. Spring Valley Township*, 124 U. S. 225; *House v. Lockwood*, 137 N. Y. 259, 268; *Cromwell v. County of Sac*, 94 U. S. 351; *Reynolds v. Stockton*, 140 U. S. 254; Bigelow on Estoppel [5th ed.], 152; *Smith v. Brunswick*, 80 Me. 189, 193; *Young v. Pritchard*, 75 Me. 513, 518; *Daggett v. Daggett*, 143 Mass. 516, 521; *Foye v. Patch*, 132 Mass. 105, 110.) The cause of action in the Supreme Court is not upon the same claim or demand presented in the petition in the District Court proceeding — the causes of action are not identical — and no fact in issue in the Supreme Court case was distinctly pleaded or put in issue as a material and essential fact in the District Court proceeding and there tried and necessarily decided between the parties, upon such issue, in order to uphold the judgment therein. (*Dawley v. Brown*, 79 N. Y. 398; *People ex rel. v. Howlett*, 76 N. Y. 574; *Howlett v. Tarte*, 10 C. B. [N. S.] 813; *Davis v. Hedges*, L. R. [6 Q. B.] 687; *Caird v. Moss*, L. R. [33 Ch. Div.] 22; *Davis v. Brown*, 94 U. S. 428; *Palmer v. Hussey*, 87 N. Y. 306.) To be a bar to a subsequent action the first judgment must be an existing judgment; it must be a final judgment and a judgment on the merits. (*Loeb v. Willis*, 100 N. Y. 231; *Barrs v. Jackson*, 1 Y. & C. C. C. 585; *Hunter v. Stewart*, 31 L. J. Ch. 346.) The mere exhibition on the pleading of the District

Court record did not even create the presumption that the
District Court had jurisdiction either of the parties or of the
subject-matter. (L. 1882, - ch. ¹ 410, §§ 1284–1286, 1289;
*Turner* v. *Bank of N. A.*, 4 Dallas, 8; *Robertson* v. *Case*,
97 U. S. 646; *Grace* v. *Am. C. Ins. Co.*, 109 U. S. 283; *C.
Ins. Co.* v. *Rhoads*, 119 U. S. 237; *Peper* v. *Fordyce*, 119 U.
S. 469; *Frees* v. *Ford*, 6 N. Y. 176; *Gilbert* v. *York*, 111 N. Y.
544, 549; *Rathburn* v. *Weber*, 13 Civ. Proc. Rep. 50 ; *Miner* v.
*Burling*, 32 Barb. 540; *Kiernan* v. *Reming*, 7 Civ. Proc. Rep.
311.) The judgment of the District Court was not properly
pleaded in this action, as the facts which gave jurisdiction were
not set forth. (*Ford* v. *Babcock*, 1 Den. 158; *Bennett* v. *Burch*,
1 Den. 141; *Dakin* v. *Hudson*, 6 Cow. 221; *Bowman* v.
*Russ*, 6 Cow. 234; *Thomas* v. *Robinson*, 3 Wend. 267;
*Cleveland* v. *Rogers*, 6 Wend. 438; *Stewart* v. *Smith*, 17
Wend. 517; *Nicholl* v. *Mason*, 21 Wend. 339; *Bloom* v.
*Burdick*, 1 Hill, 130 ; *Dowd* v. *Stall*, 5 Hill, 186.)

*Treadwell Cleveland*, for respondent. The validity of the
sub-lease was a question necessarily involved in and decided
by the District Court judgment, and the plaintiff is conse-
quently estopped by that judgment from questioning such
validity. (*Brown* v. *Mayor, etc.*, 66 N. Y. 385; *Jarvis* v.
*Driggs*, 69 N. Y. 143; *Nemetty* v. *Naylor*, 100 N. Y. 562;
Code Civ. Proc. § 2249; *Clemens* v. *Clemens*, 37 N. Y. 59;
*Gates* v. *Preston*, 41 N. Y. 113; *Bell* v. *Merrifield*, 109 N.
Y. 210; *Newton* v. *Hook*, 48 N. Y. 676; *Malloney* v.
*Horan*, 49 N. Y. 111; *Blair* v. *Bartlett*, 75 N. Y. 150;
*Dunham* v. *Bower*, 77 N. Y. 76.) The judgment of the Dis-
trict Court is properly pleaded; or, if not, the objection to the
form in which it is pleaded, not having been taken at the trial,
cannot be raised now. Furthermore, the judgment may be
introduced in evidence even if not pleaded in bar. (*Oliphant*
v. *Burns*, 146 N. Y. 218; *Gillies* v. *Manhattan B. I. Co.*,
147 N. Y. 420; *Webb* v. *Buckelew*, 82 N. Y. 555.)

· MARTIN, J. On the twenty-fourth day of February, 1886,
the trustees under the will of William B. Astor leased to the

plaintiff premises in the city of New York known as the Cambridge Hotel. Afterwards, and on or about the first day of May, 1887, the defendant loaned to the plaintiff several large amounts of money, to secure the payment of which the plaintiff gave him his bonds and executed to him mortgages upon such lease. On the first day of February, 1888, the plaintiff assigned the Astor lease to the defendant, and thereupon the defendant made and executed a sub-lease of the premises to the plaintiff.

The purpose of this action was to procure an adjudication to the effect that the lease from the defendant to the plaintiff was in fact intended as a mortgage, that it was usurious, and that the assignment by the plaintiff to the defendant, and the lease from the defendant to the plaintiff, should be delivered up and canceled upon the ground of such usury.

On August 1st, 1893, the sum of $13,250.00 rent became due to the defendant according to the terms of the lease between the parties, which was not paid. The defendant subsequently commenced summary proceedings in the District Court of the city of New York in the district in which the premises are situated to dispossess the plaintiff for non-payment of rent. Upon the return day of the precept the plaintiff herein appeared by attorney. No answer was interposed, and this defendant had judgment, and a warrant issued, but was stayed until the following day when the plaintiff paid the amount of the judgment.

The defendant subsequently served a supplemental answer in this action, setting up the foregoing proceedings and judgment as a defense herein. On the trial a certified copy thereof was introduced in evidence, and a motion was made on the pleadings to dismiss the complaint, when the following stipulation was made in open court: " For the purposes of this motion it is conceded that, in August last, a proceeding was instituted in the Sixth Judicial District Court in the city of New York, whereby this defendant sought to dispossess the plaintiff, on the ground that there was a certain amount of rent due under the lease that is set up in the complaint, and

that such proceedings were had on the 17th of August, 1892, (that) a judgment was entered in favor of the petitioner that said petitioner have possession of the premises therein described by reason of the non-payment of the tenant's rent, and that a warrant issue to remove the said tenant and all persons from the said premises, and to put the petitioner in full possession thereof ; that, subsequently, this plaintiff paid the amount stated in the petition as claimed to be due for rent." After the stipulation the motion to dismiss the complaint was granted on the ground that the judgment in the summary proceedings was an adjudication that the relation of landlord and tenant existed between the parties, and that there was a valid lease of the premises described in the complaint from the defendant to the plaintiff, and that, therefore, the plaintiff was estopped thereby from questioning the existence of that relation or the existence of a valid lease.

The correctness of that ruling is challenged by the appellant, and presents the only question involving the merits of this controversy. An examination of the allegations of the petition and the stipulation of the parties made on the trial renders it obvious that the judgment entered in favor of the defendant in the New York District Court for the removal of the plaintiff as tenant, involved a direct adjudication between the parties that they occupied the relation of landlord and tenant, and that the lease from the defendant to the plaintiff was valid.

A judgment taken by default in summary proceedings by a landlord for non-payment of rent is conclusive between the parties as to the existence and validity of the lease, the occupation by the tenant, and that rent is due, and also as to any other facts alleged in the petition or affidavit which are required to be alleged as a basis of the proceedings. (*Brown* v. *Mayor*, 66 N. Y. 385; *Jarvis* v. *Driggs*, 69 N. Y. 143; *Nemetty* v. *Naylor*, 100 N. Y. 562.) To authorize a judgment to remove a tenant holding over, the conventional relation of landlord and tenant must exist, and, in such a proceeding, the tenant, under a denial of the facts upon which the

summons is issued, may prove that the alleged lease was exe-
cuted in pursuance of an usurious agreement and is void, so
that such relation does not exist.   (*People ex rel. Ainslee* v.
*Howlett*, 76 N. Y. 574.)

The principle of the authorities cited seems decisive of the
question under consideration.   To establish the relation of
landlord and tenant between the parties, and to entitle the
defendant to a judgment in the summary proceedings, the
existence of a valid lease upon which rent was due from the
plaintiff to the defendant was necessary.   The existence of
such a lease was alleged in the petition and not denied.   No
cause was shown before the District Court why possession of
the property should not be delivered to the petitioner.   The
plaintiff neither alleged nor attempted to prove that the lease
was usurious, or invalid for any other reason.   The questions
whether the lease was intended as a mortgage, and, if so,
whether it was based upon an usurious contract, could have
been tried in the proceedings in the District Court.   The
determination in that proceeding comprehended and involved
every question relating to the validity of the lease and the
relation between the parties, and the estoppel of the judgment
extends to them even though they were not litigated or con-
sidered in that proceeding.   (*Gates* v. *Preston*, 41 N. Y. 113;
*Collins* v. *Bennett*, 46 N. Y. 490;   *Blair* v. *Bartlett*, 75 N.
Y. 150;   *Dunham* v. *Bower*, 77 N. Y. 76;   *Jordan* v. *Van
Epps*, 85 N. Y. 427;   *Griffin* v. *Long Island R. R. Co.*, 102
N. Y. 449;   *Lorillard* v. *Clyde*, 122 N. Y. 41.)

The rule as stated by ANDREWS, J., in *Pray* v. *Hegeman*
(98 N. Y. 351) must be regarded as the general rule in this
state governing the question of estoppel by judgment.   In
that case it was said:   " The general rule is well settled that
the estoppel of a former judgment extends to every material
matter within the issues which was expressly litigated and
determined, and also to those matters which, although not
expressly determined, are comprehended and involved in the
thing expressly stated and decided, whether they were or
were not actually litigated or considered.   It is not necessary

to the conclusiveness of a former judgment that issue should have been taken upon the precise point controverted in the second action. Whatever is necessarily implied in the former decision is, for the purpose of the estoppel, deemed to have been actually decided." This rule has been fully indorsed by the subsequent decisions of this court, as will be seen by an examination of the cases of *Griffin* v. *Long Island R. R. Co.* (102 N. Y. 452); *C. P. P. & M. Co.* v. *Walker* (114 N. Y. 12); *O'Rourke* v. *Hadcock* (Id. 553); *Hymes* v. *Estey* (116 N. Y. 509), and *Thomson* v. *Sanders* (118 N. Y. 257). It is upon the principle that a judgment is a bar to a right of recovery where a party has had his day in court, with full opportunity to be heard and to assert and protect his rights, although he failed to do so, that it has been held that a former judgment for the services of a physician is a bar to an action against him for malpractice (*Gates* v. *Preston* and *Blair* v. *Bartlett*); that a judgment for the board of a horse is a bar to an action for his conversion (*Collins* v. *Bennett*); that a judgment by a carrier for freight is *res judicata* in an action for the destruction of the property caused by a failure of the carrier to perform his contract (*Dunham* v. *Bower*); that a judgment in partition, to which the plaintiff was a party, is a bar to a recovery in an action by her for dower (*Jordan* v. *Van Epps*); that a judgment in an action by a plaintiff as receiver for trespass upon the property of a corporation is conclusive against the defendant's claim in a subsequent action that the plaintiff's appointment was invalid (*Griffin* v. *Long Island R. R. Co.*); and that where in a former action there was a judgment to the effect that the plaintiff's cause of action upon contract was divisible, it is *res judicata* in a second action for a subsequent default. (*Lorillard* v. *Clyde.*)

While the attorney for the appellant has presented an exhaustive brief and argument upon this subject, has made an extensive review of the authorities, attempting to distinguish the principle established by them from that involved in this case, yet, after carefully examining the cases to which he refers

and duly considering his ingenious argument upon the question, we are still of the opinion that the decisions of this court are adverse to his contention, and that the learned General Term properly held that the judgment of the District Court was conclusive upon the parties and a bar to this action.

The appellant, in his brief, has also raised several questions as to the regularity of the proceedings and the validity of the judgment entered in the District Court. We do not deem it necessary to examine them separately. The record discloses that the plaintiff in this action appeared in the District Court and made no objections to the regularity of the proceedings therein. Furthermore, upon the trial of this action, it was stipulated in open court that such a proceeding was instituted for the purpose of dispossessing the plaintiff, and that on the seventeenth of August, 1892, a judgment was entered in favor of the petitioner that he have possession of the premises and that a warrant issue to remove him therefrom. There was then no claim or suggestion that any of the proceedings which resulted in that judgment were irregular or that the judgment was invalid. We think when properly construed this stipulation must be regarded as an admission that a proper and valid judgment was entered in favor of the petitioner. Under the circumstances we are of the opinion that the plaintiff is not in a position to raise any question as to the regularity or validity of that judgment.

Moreover, no such objections were taken to the judgment upon the trial of this action, and it is a well-settled rule in this court that a question which was not raised on the trial will not be considered for the first time on appeal. (*Oatman* v. *Taylor*, 29 N. Y. 649, 662; *Sterrett* v. *Third Nat. Bank of Buffalo*, 122 N. Y. 659; *Blair* v. *Flack*, 141 N. Y. 53, 56; *Oliphant* v. *Burns*, 146 N. Y. 218, 236; *Adams* v. *Irving Nat. Bank*, 116 N. Y. 606, 614.)

We think the judgment of the General Term was right and should be affirmed, with costs.

All concur.

Judgment affirmed.