(20 Misc. Rep. 548.)

EVERITT v. NEW YORK ENGRAVING & PRINTING CO.

(Supreme Court, Appellate Term. July 1, 1897.)

JUDGMENTS—RES JUDICATA—ISSUES.

Defendant agreed with plaintiff, in consideration of his procuring for defendant the printing work of a firm of publishers, to pay plaintiff a commission of 10 per cent. monthly on all work received from such firm, as long as defendant should have it. Plaintiff recovered judgment against defendant for one month's commission, and, in an action subsequently brought for commissions afterwards accruing, offered the judgment in evidence. *Held* that, as it appeared by the record that the question of the existence and validity of the contract was directly involved in and decided by the first action, the judgment was res adjudicata as to every issue except the accounts on which the commission claimed by the plaintiff was based.

Appeal from city court of New York, general term.

Action by George W. Everitt against the New York Engraving & Printing Company. From a judgment of the general term of the city court (43 N. Y. Supp. 502) affirming a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Wilson & Bennett (J. L. Bennett, of counsel), for appellant.

William Hildreth and Field & Deshon (C. A. Deshon, of counsel), for respondent.

McADAM, J. The action is to recover $1,309.65, under a contract made between the plaintiff and defendant in the spring of 1893, whereby the defendant agreed, in consideration of plaintiff's securing for defendant Harper Bros.' work, to pay plaintiff 10 per cent. monthly on all the work that came to the defendant from Harper Bros. as long as the defendant got it, and that the payments were to continue as long as the work came. An action was brought in the Second district court for the March, 1895, installment accruing under the contract; and a judgment rendered therefor in June, 1895, was affirmed by the common pleas general term, in December, 1895. 14 Misc. Rep. 580, 35 N. Y. Supp. 1097. The defendant assured the plaintiff that, if he procured the work, it would not require his attention, and that he "could go to California if he pleased, and would receive his check regularly." The plaintiff, under the agreement, procured Harper Bros.' work for the defendant, and the latter has had it ever since.

On the trial, the plaintiff offered the judgment roll in the district court action, claiming that it was res adjudicata as to every issue raised by the pleadings in this action, except the accounts which had been paid by Harper Bros. to the defendant, upon which the plaintiff's percentage was based. After these accounts, showing the percentage to be equal to that for which the jury subsequently rendered their verdict, had been proved, the plaintiff rested. The defendant thereupon moved for a nonsuit, upon the ground that there was no evidence in the case that the plaintiff was the procuring cause of the commissions for the months sued for. The motion was denied. The defendant then offered to prove affirmatively that the plaintiff

was not the procuring cause of any month's commission sued for; whereupon the plaintiff admitted that he had rendered no services during the period for which commissions were claimed. Under the contract as made, and the interpretation given to it by the common pleas on the district court appeal, the commissions payable to the plaintiff were to continue as long as the defendant did work for Harper Bros., and were to apply to all such work, without any new exertion on the part of the plaintiff. The defendant also claimed that Harper Bros. had found fault with the payment of commissions, and that the defendant, in consequence, made a deduction on the work equal to the amount of the commissions. This constitutes no defense to the action, for, under the contract, the plaintiff was to have commission on whatever amount the defendant received from the Harpers. The plaintiff could not regulate the amount of the defendant's charges, and, whatever they were, his commissions were to be based upon them. The defendant asks how it is possible for it to terminate such a contract, and rid itself of the burden. One easy mode would be to discontinue doing work for Harper Bros., in which case, as there would be no revenue from that source, there would be nothing to which commissions could apply. But the defendant cannot continue to do the work which the plaintiff originally influenced, and at the same time rid itself of its obligation to pay the plaintiff for bringing it to them. This is a matter which should have been weighed by the defendant before it made the contract. It was in its power then to protect itself fully. Having failed to do so, it cannot now be heard to complain of its own indiscretion.

The judgment in the district court action established the validity of the contract, and all we have to do now is to give to it its proper legal effect. The appellant claims that the judgment is not res adjudicata, and, to sustain the proposition, cites authorities holding that, where a judgment may have proceeded upon either or any of two or more different and distinct facts, the party desiring to avail himself of the judgment, as conclusive evidence upon some particular fact, must show affirmatively that it went upon that fact, or else the question is open for a new contention. Lewis v. Pier Co., 125 N. Y. 341, 26 N. E. 301. But, as was held in Bell v. Merrifield, 109 N. Y., at page 211, 16 N. E. 58, the fact that the particular point involved was adjudicated in the other action may appear "either by the record in that suit" or by extrinsic evidence. In this instance the district court record is printed in the appeal book, and it clearly appears therefrom that the question of the existence and validity of the contract was directly involved in and decided by that action. The judgment rendered therein is therefore conclusive as to all matters adjudicated thereby, or which the parties might have litigated as incident to the subject-matter of the litigation. Reich v. Cochran, 151 N. Y., at page 127, 45 N. E. 367.

The question of the statute of frauds was considered upon the former appeal, and disposed of on the familiar rule that where the agreement may consistently with its terms be entirely performed within a year from the time it is made, although it may not be probable or expected

that it will be performed within that period, it is not within the contemplation of the statute.

We find no error, and the judgment must be affirmed, with costs. All concur.