STEINHART et al. v. ENTEEN et al.

(Supreme Court, Appellate Term.    March 24, 1904.)

1. ACTION ON NOTES—VERDICT—SUFFICIENCY.

Municipal Court Act (Laws 1901, p. 1560, c. 580) § 239, requires that in actions on notes the verdict must be general for the plaintiff for a specific sum. Section 326 (page 1583) provides that the appellate court must render judgment according to the justice of the case, without regard to technical errors or defects. An action was on four notes. The same defense was interposed to all the notes, and the amount of interest was agreed on between counsel. The verdict was for plaintiff, but stated no amount, and defendant made no objection to the form of the verdict, and the court entered judgment for the amount of the notes and the agreed interest. Held, that the judgment would not be disturbed on appeal on the ground that the verdict was not in compliance with section 239, such objection having been waived.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Louis H. Steinhart and another against Louis Enteen and another. From a judgment in favor of plaintiffs, defendants appeal. Affirmed.

Argued before FREEDMAN, P. J., and SCOTT and BLANCHARD, JJ.

Steuer & Hoffman, for appellants.

Herbert J. Hindes, for respondents.

SCOTT, J. This is an action upon four promissory notes. There was some conflict of evidence. The cause was tried at considerable length, and fully presented to the jury by the charge of the justice. The verdict was for plaintiffs. No question merits discussion upon this appeal, except the technical objection that the jury did not render a verdict for a specific sum. Section 239 of the Municipal Court act (c. 580, p. 1560, Laws 1902) requires that in cases like the present the verdict of the jury must be general for the plaintiff for a specific sum. The statement of the return is that "the jury, upon its return, renders a verdict for the plaintiffs." It is now contended by the appellants that this verdict did not conform to the requirements of section 239 of the act, and therefore furnished no basis upon which the justice could render judgment. Section 326 of the Municipal Court act (page 1583) provides that: "The appellate court must render judgment according to the justice of the case, without regard to technical errors or defects which do not affect the merits." The pleadings and the record of the trial shows that, if the plaintiffs were entitled to recover at all, they were entitled to a judgment for the precise sum for which judgment was awarded to them. As has been said, the action was upon four promissory notes of $50 each, which were made on the same date, executed and indorsed by the same persons, and which came into plaintiffs' possession at the same time and under the same circumstances. The defenses interposed applied to all the notes alike. If good as to one note, they were good as to all; and, if insufficient as to one note, they were insufficient as to all. From the beginning of the case to the end no question was raised as to the amount the plaintiffs should recover if they recovered at all. No question was raised or evidence offered as to any one note which was not equally applicable to all. Even the amount of interest included in plaintiffs' claim was agreed to between counsel. Under these circumstances it is too late for the appellants to raise, for the first time, the objection that the jury did not render a verdict for a specific sum. The objection should have been taken at the time, when the justice would doubtless have given the jury proper instructions as to the form of their verdict. In doing so he would have been bound, if requested, to instruct them that, if they found for the plaintiffs, they must render a verdict for the amount of the four notes, with interest, being the precise sum included as damages in the judgment. Having failed to take the objection at the proper time, the appellants waived it. To reverse this judgment for this technical error, and subject the parties to the expense of another trial, would not be rendering judgment according to the justice of the case.

Judgment affirmed, with costs. All concur.