### ROBERTSON v. BIRDIE et al.

(Supreme Court, Appellate Term. November 29, 1907.)

1. LANDLORD AND TENANT—RECOVERY OF POSSESSION—SUMMARY PROCEEDINGS —VALIDITY OF LEASE.

The owner of an undivided half interest in certain property, who also owned a life interest in the other half, leased the premises for a five-year term, with the privilege of renewal for five years, at a rent not to exceed $1,000 per year. The lessor died before the expiration of the original term, and the reversionary owner, as his heir, became the sole owner. She collected the rents until her death, after which plaintiff collected the rents as administrator and later as devisee. Prior to the expiration of the term he served notice that the rent would be $1,800 per year after the original term ran out, and brought summary proceedings to oust them, alleging that they had agreed to pay him $150 per month in advance after the expiration of the term, but were in default.

The lessees denied any new agreement, but admitted their possession, claiming under the renewal clause. They had tendered rent at the rate of $1,000 a year, which plaintiff refused, contending that the original lease was void, because the reversionary owner did not join in the execution, and that there had been no ratification. There was no proof of any new agreement. *Held*, that plaintiff could not recover, for if the lease was originally valid, or had been ratified, defendants were entitled to remain, and if it was void, and there was no ratification, the relation of landlord and tenant did not exist to support the proceedings, since proof of the new agreement had failed.

2. SAME—NECESSITY FOR RELATION OF LANDLORD AND TENANT.

The relation of landlord and tenant must exist to support a summary proceeding for the recovery of real property.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, § 1273.]

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Summary proceedings by Morton E. Robertson against John Birdie and another to recover possession of real property. From a judgment for defendants, plaintiff appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

Ruth & Baker, for appellant.

Chas. G. Hupfel, for respondents.

ERLANGER, J. The appellant, Morton E. Robertson, brought these proceedings to oust from premises owned by him the tenants, who are respondents on this appeal. In his petition he alleges that the tenants "were in possession as tenants for a term ending May 1, 1907, under an alleged agreement of hiring," and that on April 2, 1907, he notified them that, commencing May 1, 1907, the rent would be $1,800 a year if they continued in possession after May 1, 1907; that thereafter they undertook and promised to pay as rent $150 per month in advance; that on May 1, 1907, there was due by virtue of said agreement $150 rent for the said month of May; that they made default in payment pursuant to their agreement; and that they hold over without his permission. The tenants by their answer admit their occupation of the premises, but deny that their term expired on May 1, 1907. The notice to pay $1,800 per year is admitted, but the agreement to pay that sum is denied, and so they deny that in virtue of their agreement there was due $150 for the month of May, 1907, and that they made default, and hold over without permission, after default. By way of separate defense it is alleged that on the 1st day of May, 1907, they tendered to the landlord $83.33, the rent for that month, but the same was refused; that they are now and always have been willing to pay said rent. The issue thus presented was tried, and judgment was awarded the tenants, upon the following facts:

In March, 1895, one Margaret Brady died, and by her will she devised the premises in question to her daughter, Margaret E. V. Robertson (the landlord's wife), and to her son, William H. Brady. Subsequently, in April, 1895, the daughter leased unto her father, John Brady, for the term of his natural life, her undivided one-half of said

property, and in October, 1898, the son by deed conveyed his undivid-ed half to his father, the said John Brady. By these transfers John Brady became the owner in fee of one undivided half and life tenant of the other undivided half of the property. Thereupon, in June, 1901, the said John Brady leased said property to Thomas J. Nolan for 5 years and 10 months, from July 1, 1901, at the yearly rental of $900. In this lease an option was reserved to the tenant giving him the privilege of a renewal for a further term of five years from May 1, 1907, upon the same terms and conditions as are therein contained, except that the rent was to be agreed upon, but was not to exceed the sum of $1,000 per annum. Thereafter, and in April, 1904, John Brady, the lessor, died, leaving him surviving as his only heir at law his daughter, the said Margaret E. V. Robertson. In July, 1905, the daughter died, and by her will she devised all her real and personal estate to her husband, the appellant herein. After the lease to Nolan was executed, he assigned the same to a Mrs. McNevin, and she as-signed it to the tenants in these proceedings. The record does not show when these assignments were made, but no question as to their validity is raised. It is admitted that appellant served notice on April 2, 1907, that the rent from May 1, 1907, would be $1,800 per year; but the agreement referred to in the petition as having been made by the tenants to pay that rental was not established upon the trial. The tenants rested on their lease and the option reserved to them for an additional five years after May 1, 1907, and their willingness to pay the highest rental stipulated for the renewed term, to wit, $1,000 a year. The proof shows that from the death of her father, in April, 1904, appellant's wife collected the rent from the tenants, and upon her death, in July, 1905, appellant himself collected the rent until January, 1906. These rents were collected by him as temporary ad-ministrator under the will of his wife, but he thereafter individually collected the water rates and rents up to May. 1, 1907. It was also admitted that on May 1, 1907, the tenants offered appellant $83.33 for rent for that month, and that it was refused.

The appellant contends that the lease made by John Brady to Thom-as J. Nolan is void, because his daughter, Margaret E. V. Robertson, deceased, the reversionary owner of one undivided half of the prop-erty, did not join in the execution thereof; that a co-owner cannot destroy the unity of possession by executing a lease of the entire es-tate without the other owner joining with him; and that at most John Brady could only give a lease for a term measured by his own life. It is contended, also, that the facts proved upon the trial, both in re-spect of knowledge of the existing lease and the collection of the rents as well by appellant as by his deceased wife, established no ratifica-tion, and that the life of the lease fell with the death of Brady. The appellant by his contentions has defeated himself of the remedy which he seeks to enforce. If the lease is void for the reasons assigned by him, then clearly the conventional relation of landlord and tenant does not exist, and he cannot maintain these proceedings. On the other hand, if the relation of landlord and tenant does in fact exist, so as to enable him, under the so-called act of summary proceeding,

to invoke the provisions thereof in his favor, then that relation only arises from the fact that the lease is valid, ratified, not only by his wife, but by himself, each having full knowledge of its existence and its terms and conditions, and each having at different times collected the rents and water rates from the tenants in possession. But if it be true, as he insists it is, that no legal ratification of the lease was effected, either because of the collection of rents or by recognition of the instrument, then, again, he cannot maintain these proceedings, as he has no standing in court as landlord under the act referred to. The owner's position is an embarrassing one. He styles himself in his petition as landlord and owner of the property, but repudiates the lease under which the tenants hold, and seeks to confer jurisdiction upon the court by claiming that a new agreement of letting with the tenants was made, but offered not a particle of proof to support his allegation. In Reich v. Cochran, 151 N. Y. 122, at page 127, 45 N. E. 367, at page 368, 37 L. R. A. 805, 56 Am. St. Rep. 607, Martin, J., said:

"To establish the relation of landlord and tenant between the parties, and to entitle the defendant to a judgment in the summary proceedings, the existence of a valid lease upon which the rent was due from the plaintiff to the defendant was necessary."

And so, in People v. Goldfogle, 30 N. Y. Supp. 298, the court said:

"The question in summary proceedings is whether the relation of landlord and tenant exists."

In view of the claims made, the judgment below was right, and must be affirmed, with costs.

Judgment affirmed, with costs. All concur.