(56 Misc. Rep. 627.)

## NATIONAL SOCIETY OF UNITED STATES DAUGHTERS OF 1812 v. AMERICAN SURETY CO. OF NEW YORK.

(Supreme Court, Appellate Term. December 19, 1907.)

1. INJUNCTION—LIABILITY ON BOND—DAMAGES—COUNSEL FEES.

Counsel fees are not recoverable as an element of damages in an action on an injunction bond given and sued on in a federal court.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Injunction, § 597.]

2. COURTS—RULES OF DECISION—DECISIONS OF UNITED STATES COURTS AS AUTHORITY IN STATE COURTS.

In an action in a state court on an injunction bond given in a United States court, the rule of the federal courts that counsel fees are not admissible as an element of damages prevails.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 329.]

3. APPEAL—PRESENTATION OF QUESTIONS IN LOWER COURT—THEORY OF CASE.

The general rule is that a party who has acquiesced in the trial of an action on a certain theory will not be heard to assert for the first time on appeal that there was error in adopting that theory.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, § 1053.]

4. SAME—QUESTION NOT RAISED ON TRIAL.

A question not raised on the trial will not be considered for the first time on appeal.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, §§ 1018–1034.]

5. TRIAL—OBJECTIONS TO EVIDENCE—SUFFICIENCY—GROUNDS OF OBJECTION.

In an action in a state court on an injunction bond given in a United States court, the only damages shown were for counsel fees in procuring a dissolution of the injunction, and evidence as to this was taken against objection of defendant's counsel on the ground of immateriality and irrelevancy, without referring specifically to the rule of the federal courts as to the inadmissibility of counsel fees as an element of damage in such a suit. *Held*, that the question was not presented by the objection in such a manner as to bring it specifically to the court's attention.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, §§ 194–200.]

6. CORPORATIONS—CORPORATE EXISTENCE—RIGHT TO DENY—ACTION BY CORPORATION.

Persons sued by a corporation. where the action is ex contractu, as well as where it is ex delicto, are debarred from setting up the defense that the corporation was not legally organized; that being a question for the state.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, §§ 81–96.]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by the National Society of United States Daughters of 1812 against the American Surety Company of New York. Judgment for plaintiff, and defendant appeals. Reversed, with leave to plaintiff to appeal to the Appellate Division.

Argued before GILDERSLEEVE, P. J., and GUY and BRUCE, JJ.

Asa Bird Gardiner, for appellant.

Philip Carpenter, for respondent.

GILDERSLEEVE, P. J. In an action in the United States Circuit Court, wherein one Titus and others were complainants and the plain-

tiff herein was defendant, a temporary injunction was given upon the application of the complainants. Upon the undertaking given on said injunction the defendant herein was the surety. The injunction was subsequently dissolved, and the bill or complaint in the case was dismissed. Thereupon this action was brought in the Municipal Court, on the undertaking, against defendant as surety. The only damages shown were for counsel fees in procuring a dissolution of the injunction, and the court below gave judgment for the plaintiff for the sum of $200, interest, and costs. Defendant appeals.

Counsel fees are not recoverable as an element of damage in an action upon an injunction bond given in a United States court and sued upon in a United States court. Oelrichs v. Spain, 15 Wall. 211–231, 21 L. Ed. 43. It has also been held by the United States Supreme Court that, in an action brought in a state court upon an injunction bond given in a United States court, the rule of the federal court prevails, and that counsel fees are not admissible as an element of damage. Tulluck v. Mulvane, 184 U. S. 497, 22 Sup. Ct. 372, 46 L. Ed. 657; Missouri, K. & T. R. R. Co. v. Elliot, 184 U. S. 530, 22 Sup. Ct. 446, 46 L. Ed. 673. Plaintiff claims that defendant did not raise this point at the trial, and that the action was tried on the theory that the principle prevailing in the courts of this state, allowing counsel fees for setting aside the injunction as an element of damage in an action on the undertaking, applied to the case at bar. There is no substantial contention as to the law applicable to the conditions created by the transaction under consideration.

The respondent rests his claim for affirmance upon the ground that the trial proceeded upon an erroneous theory with the acquiescence of both parties, and that a new, although correct, theory cannot be urged upon appeal. The general rule is that a party who has acquiesced in the trial of an action upon a certain theory will not be heard to assert for the first time on appeal that there was error in adopting the theory he assisted in establishing as the law of the case, and that a question which was not raised on the trial will not be considered for the first time on appeal. Reich v. Cochran, 151 N. Y. 129, 45 N. E. 367, 37 L. R. A. 805, 56 Am. St. Rep. 607; Vann v. Rouse, 94 N. Y. 401; Wellington v. Morey, 90 N. Y. 656; Caponigri v. Altieri, 165 N. Y. 263, 59 N. E. 87. This general principle has been held to apply to appeals from the Municipal Court to the Supreme Court, and its soundness will not be challenged. Steinhart v. Enteen, 43 Misc. Rep. 388–390, 87 N. Y. Supp. 482.

The learned counsel for the appellant, however, urges that it is not necessary, in an action in a state court on a bond given in a United States court, that a right of a federal nature should be specifically raised, but that it is sufficient if the state court, by the pleadings, evidence, or otherwise, is informed of such fact. In support of this theory he cites the case of M.; K. & T. R. R. Co. v. Elliot, supra, which is an appeal to the United States Supreme Court from the state court of Missouri. It was there held by Mr. Justice White that:

"If the state court, in deciding the case, has actually considered and determined a federal question, although arising on ambiguous averments, then, a federal controversy having been actually decided, the right of this court to

review obtains; and all that is essential is that the federal questions must be presented to the state court in such a manner as to bring them to the attention of that tribunal."

Can it be said that the erroneous admission of evidence by the Municipal Court on the question of damages is sufficiently presented to the Appellate Term of this court by the objections and exceptions taken at the trial? The pleadings state the facts which show the successive steps taken in the United States court. Plaintiff's counsel took the stand to show what damages plaintiff had sustained by reason of the injunction, and he is the only witness on that branch of the case. He sought to show what services he had rendered in the injunction matter, their value, what he had been paid, and what his client had agreed to pay him. All of this testimony was taken under the objection and exception of defendant's counsel. The grounds of the objection were immateriality and irrelevancy, without referring specifically to the federal rule on the inadmissibility of counsel fees as an element of damage in a suit on an injunction bond. While it is true that the evidence, to which objection was made, was in point of fact immaterial and irrelevant to the issues, since the services proven and the fees paid, or agreed to be paid, were not an element of damage in the case at bar, still it cannot be said that the federal question was presented to the Municipal Court by the objections in such a manner as to bring it specifically to the attention of that tribunal. While it must be said that the question which the court below was called upon to determine was not, upon the trial, in terms and language designated as a federal question, still under the pleadings and proof it was the inherent and vital question upon which the decision necessarily turned, and the judgment, as rendered, could not have been given without deciding it. The only issue presented was the claim for damage under a federal bond. The limit of liability under the bond was $250, which was the amount demanded in the complaint, and also the amount claimed by counsel to be his agreed fee for getting the injunction vacated, and, as we have seen, the only evidence of damage by reason of the injunction was this counsel fee. If plaintiff could have shown any other element of damage, it is not indicated in any way either in the pleadings or proof.

In Maxwell v. Newbold, 59 U. S. 511–516, 15 L. Ed. 506, cited with approval in Oxley Co. v. Butler Co., 166 U. S. 649, 655, 656, 17 Sup. Ct. 709, 41 L. Ed. 1149, no reference was made to the federal question at the trial in the state court; but the Supreme Court of the United States held that this did not preclude the plaintiffs in error from raising the point in the appellate state court, "if it was involved in the case as presented to that court." In the case at bar the federal question, as we have seen, is clearly involved in the case as presented to the Appellate Term. As the case now stands, the plaintiff has a judgment for damages to which he is not entitled by law. Such judgment, in the interests of justice, cannot stand. Inasmuch, however, as there may be at least a possibility of plaintiff proving some other element of damage, a new trial should be granted.

So far as defendant's claim that plaintiff is not legally incorporated is concerned, assuming such to be the fact, it may be observed that the

general rule is that persons sued by a corporation in an action ex contractu, as well as persons sued by a corporation in an action ex delicto, are equally debarred from setting up the defense that the corporation was not legally organized, which is a question for the state. Cook on Corporations, p. 1422. However, it is not necessary to discuss this branch of the case, as the judgment must be reversed for the reasons above stated.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

As the questions presented are somewhat novel and of an important character, the respondent may have leave to appeal to. the Appellate Division. All concur.