### LEWY v. WOLFMAN et al.

(Supreme Court, Appellate Term. May 15, 1908.)

1. JUDGMENT—RES JUDICATA—CONCLUSIVENESS.

Where rent under a lease was payable on the 1st day of each month in advance, and the landlord recovered possession in summary proceedings in which the final order recited that it was granted by reason of the tenant's nonpayment of rent for the months of April and May, 1907, such order was conclusive between the parties as to the existence and validity of the lease, the occupation of the tenant, and that the rent was due and unpaid for the months of April and May on the date the order was entered, in an action by the landlord to recover rent for the month of April.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, §§ 1248–1251.]

2. LANDLORD AND TENANT—ACTION FOR RENT—EVIDENCE.

In an action for rent, evidence *held* to sustain a finding that the rent sued for for April, 1907, had not been paid.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Julius Lewy against Henry Wolfman and another. From a Municipal Court judgment for plaintiff, defendants appeal. Affirmed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and GREENBAUM, JJ.

Gustavus A. Rogers, for appellants.

Manheim & Manheim (Harry A. Gordon, of counsel), for respondent.

PER CURIAM. The action was brought upon a verified complaint to recover the sum of $133.33, rent for the month of April, 1907. The complaint alleges that in January, 1905, the plaintiff and the defendants entered into a written agreement of lease, wherein the plaintiff let and the defendants hired the entire house and building Nos. 531–533 Water street, in the borough of Manhattan, city of New York, for the term of three years from May 1, 1905, at a yearly

rental of $1,600, payable in equal monthly installments of $133.33 on the 1st day of each and every month in advance, and that the defendants failed to pay the installment of $133.33, rent for the month of April, 1907, which became due on April 1, 1907. The answer of the defendants alleges that in the month of April, 1907, the defendants paid to the plaintiff the sum of $133.33 as rent for the said month of April, 1907. It appears that the plaintiff is a resident of Germany, and that the lease was executed on his behalf by his agent, Norbert Wolff, who testified at the trial that the rent for the month of April, 1907, $133.33, had not been paid by the defendants. The judgment roll of the Municipal Court, Thirteenth district, in a proceeding wherein Julius Lewy, the plaintiff herein, was landlord, and Henry Wolfman and Samuel H. Wolfman, the defendants herein, were tenants, was received in evidence, of the contents of which a comprehensive statement appears in the record on this appeal. This proceeding was one brought by the plaintiff herein as landlord, against the defendants, as tenants, to recover possession of the premises in question by reason of the nonpayment by the defendants of the rent for the month of April, 1907, forming the subject-matter of this action, and also the rent for the month of May, 1907, and resulted on June 3, 1907, in a final order in favor of the landlord and against the tenants, awarding to the landlord the possession of the premises in question by reason of the nonpayment by the tenants, the defendants in this action, of the sum of $266.66, rent for the months of April and May, 1907. The defendant Henry Wolfman, called as a witness on his own behalf, testified that on April 7, 1907, he paid said Wolff, as plaintiff's agent, rent for the month of April, 1907, by the check, which he produced and which was received in evidence, bearing date April 7, 1907. Plaintiff's agent, Wolff, was recalled, and testified that that check was received by him as rent for the previous month, and that the defendants never paid promptly, but always paid their rent over a month after the same became due. Upon this evidence the court below awarded judgment for the plaintiff. Defendants appeal.

The judgment taken in the summary proceedings by the landlord for nonpayment of rent was conclusive between the parties as to the existence and validity of the lease, the occupation by the tenant, and that rent was due, and also as to any other facts alleged in the petition or affidavit which were required to be alleged as a basis of the proceeding. Reich v. Cochran, 151 N. Y. 126, 45 N. E. 367, 37 L. R. A. 805, 56 Am. St. Rep. 607. This judgment roll in the summary proceeding of the Municipal Court was admissible in the case at bar, and was an adjudication that on June 3, 1907, rent was due from the defendants to the plaintiff. The defendants, upon the trial of the action, did not pretend that they had at any time subsequent to June 3, 1907, paid any rent to the plaintiff, but, as we have seen, claimed to have paid the rent in suit on April 7, 1907, which rent the Municipal Court proceedings showed had not been paid up to the 3d day of June, 1907. Furthermore, even eliminating entirely the judgment roll in the summary proceeding, there is sufficient evidence in the case to sustain the judgment of the court below, in plaintiff's favor,

as the lease was admitted, and the plaintiff showed by the testimony of Norbert Wolff that rent for the month of April, 1907, had not been paid, and that the check of April 7, 1907, had been given for the previous month.

The judgment should be affirmed, with costs.