(80 Misc. Rep. 494.)

KENT v. GROSS.

(Supreme Court, Appellate Term, First Department. May 8, 1913.)

JUDGMENT (§ 744*)—RES JUDICATA.

A judgment for the landlord in an action for rent, in which the tenant set up as a defense a partial eviction by the alleged loss of the use of a dumb-waiter, was res judicata as to such defense in a subsequent action between the parties for rent, so that evidence establishing the former adjudication was admissible in the subsequent action.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1278–1281; Dec. Dig. § 744.*]

Appeal from City Court of New York, Trial Term.

Action by John Kent against Gustave Gross. From a judgment for defendant, and an order denying a motion for new trial, plaintiff appeals. Reversed, and new trial ordered.

Argued April term, 1913, before GUY, GERARD, and PAGE, JJ.

Ely Rosenberg, of New York City (Max Brown, of New York City, of counsel), for appellant.

Albert J. Rifkind, of New York City (Philip C. Samuels, of New York City, of counsel), for respondent.

GUY, J. This is an action for rent of the store and basement of 120 Second avenue as a bakery. The defense was partial eviction by reason of being deprived of the use of a dumb-waiter from the basement to the store.

The plaintiff replied, setting up that the cause of action was res judicata, in that, in an action in the Municipal Court between the same parties, for rent due under the same lease, the defendant set up the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

same defense of partial eviction by reason of the alleged loss of the beneficial use of the dumb-waiter, and the plaintiff recovered judgment thereon in said action, which judgment was affirmed by this court. The judgment roll in that action was offered and excluded, without exception; the court suggesting that the offer should be made at a later period of the trial. Subsequently plaintiff undertook to prove the bringing of the Municipal Court action, but evidence on that point was excluded, and an exception noted.

This ruling was erroneous. In the absence of any proof or claim that the loss of the use of the dumb-waiter first occurred after the period covered by the Municipal Court action, the judgment in the plaintiff's favor in that action was res judicata against the claim that there had been a partial eviction (Reich v. Cochran, 151 N. Y. 122, 45 N. E. 367, 37 L. R. A. 805, 56 Am. St. Rep. 607; Id., 201 N. Y. 450, 452, 94 N. E. 1080; Jarvis v. Driggs, 69 N. Y. 143), and evidence establishing that defense was clearly admissible.

The judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.