George M. Carney, J.
Motion is "by plaintiff for summary judgment. The action was brought to recover $23,750 from the defendant as the agreed repurchase price of stock of two corporations, which stock was originally sold to the plaintiff by defendant’s brother. By agreement between plaintiff and the two corporations, the latter were required to repurchase the stock upon the happening of certain conditions, one of which was if plaintiff was “ discharged without cause.” The defendant agreed in writing that he would make such repurchase if the two corporations “are unable to purchase the stock.”
Plaintiff had previously instituted an action against the two corporations on the repurchase agreement wherein he alleged he was discharged without cause, and for unpaid salary. The corporations defaulted in answering and judgment was duly entered.
Thereafter, the corporations made an application for leave to open the default judgment, which was denied. It is not disputed that the corporations are unable to repurchase the stock. The stockholders of the corporations are the defendant, owning 87%% of the stock, and the plaintiff, owning the remaining 12%%.
The issue is whether defendant, not a party to the prior action, is collaterally estopped in this action, by virtue of said default judgment.
Collateral estoppel is a facet of res judicata. (Matter of Shea, 309 N. Y. 605, 617; Caterpillar Tractor Co. v. International Harvester Co., 120 F. 2d 82, 84). Res judicata can be based on a
*691 default judgment (Parker v. Hoefer, 2 N Y 2d 612; Reich v. Cochran, 151 N. Y. 122).
The precise ■ issue of wrongful discharge was necessarily involved in the suit against the two corporations. If there was no wrongful discharge, there was no liability on the part of the corporations to repurchase plaintiff’s stock. The complaint specifically pleaded the wrongful discharge. When, therefore, that suit terminated in a judgment for the plaintiff, there was necessarily a judicial determination that there had been a wrongful discharge, and that, accordingly, the two corporations were liable on their obligation to repurchase.
There was such privity between the defendant and the two corporations as to make such judgment binding on the defendant herein. “The doctrine of collateral estoppel ‘is essentially a rule of justice and fairness ’, and the essence of the rule is ‘ that a question once tried out should not be relitigated between the same parties or their privies ’ (Commissioners of State Ins. Fund v. Low, 3 N Y 2d 590, 595).” (Hinchey v. Sellers, 7 N Y 2d 287, 294.)
Where the ultimate controlling issue has been decided in a prior proceeding the determination therein is dispositive of such issue (Partmar v. Paramount Corp., 347 U. S. 89; Lawlor v. National Screen Serv., 349 U. S. 322).
In Matter of Shea (supra), the principle of collateral estoppel based on a prior litigation was applied against heirs who owned all the stock of the corporation, so that the decision against the heirs was binding upon the corporation in a subsequent litigation. The holding therein is applicable to the instant case. The plaintiff and defendant owned the entire stock of the two corporations, the defendant 87%% thereof. Defendant was in control of the corporations. He chose not to defend the action against the corporations. The defendant is collaterally estopped to relitigate the same question.
Motion is granted. The Clerk is directed to enter judgment in favor of plaintiff against defendant for the amount demanded in the complaint, with interest.