FIRST NATIONAL BANK OF NEW WINDSOR v. BYNUM & DANIEL.

*Negotiable Instrument—Assignment—Counter-Claim.*

1. The assignee-for-value of a non-negotiable instrument who takes it, even before due, and without notice of any equities between prior parties thereto, will hold it subject to all equities or counter-claims between the original parties existing at the time of assignment.

2. A paper to be negotiable must be certain as to the time of payment and the amount to be paid.

3. An instrument (in other respects) in the form of a note, which contains a promise to pay a certain sum, with current rate of exchange in New York, together with counsel fees and expenses in collecting it, if

placed in the hands of an attorney for collection; and which further provides that the payees shall ha e power to declare said note due at any time they may deem it insecure, even before maturity, is non-negotiable for uncertainty; (1) as to the *amount* to be paid, by reason of the stipulation for attorney's fees and rate of exchange, and (2) as to the *time* of payment, by reason of the provision which makes it payable before maturity at the future option of the payee.

(*Goodloe* v. *Taylor*, 3 Hawks, 458; *Harris* v. *Burwell*, 65 N. C., 584, cited and approved.)

CONTROVERSY submitted without action, under section 315 of the Code, and heard at March Special Term, 1880, of WILSON Superior Court, before *Avery, J.*

The facts agreed upon are as follows: On the 5th of July, 1878, the defendants made and delivered to the Taylor Manufacturing Company of Westminster an instrument of writing of which the following is a copy: On September the 1st, 1879, we jointly and severally promise to pay to the order of the Taylor Manufacturing Company two hundred and fifty dollars, payable at the First National Bank of Wilson, N. C., for value received, with exchange on New York, and if not paid when due, to bear interest from maturity at the rate of eight per cent. per annum as agreed for negotiating and carrying this loan so long as it remains unpaid, and also all counsel fees and expenses in collecting the note, if it is sued on or placed in the hands of an attorney for collection. The express condition of the sale and purchase of the engine separator for which this note is given, is such, that the title, ownership or possession does not pass from the said Taylor Manufacturing Company of Westminster, and said company have full power to declare this note due and take possession of said engine separator at any time they may deem this note insecure, even before the maturity of the same. (Signed by Bynum & Daniel, at Wilson.)

The said company for a valuable consideration endorsed said note in the state of Maryland to the plaintiff bank before maturity and without any notice of any defence to the

same. And at the time of the endorsement to the plaintiff, the said company was indebted to the defendants in the sum of three hundred and five dollars and fifteen cents, which indebtedness still subsists in favor of said defendants, and against said company.

Upon these facts the court held that the instrument declared on by the plaintiff was not a negotiable paper, and that defendants were entitled to a counter-claim against the original payees of said paper to the full extent of the plaintiff's demand; and adjudged that the plaintiff recover nothing of defendants, and that they go without day, and that plaintiff pay the costs of this proceeding. From this judgment the plaintiff appealed.

*Messrs. Connor & Woodard*, for plaintiff.
*Mr. Hugh F. Murray*, for defendants.

If this paper is non-negotiable, plaintiff though assignee for value purchasing in good faith before maturity takes it subject to all counterclaims existing between original parties thereto before assignment. *Burroughs* v. *Bank,* 70 N. C., 283. Any paper is non-negotiable where its payment depends on contingency as to amount or time of payment. Chitty on Bills 32. And contingency here as to attorney's fee renders it non-negotiable, *Woods* v. *North,* 84 Penn. St. Rep. 407; 63 Mo. 33; 23 Alb. L. J. 13; also provision making it payable before maturity, destroys negotiability. 21 Mich. 255; so, as to stipulation for exchange which leaves amount uncertain. *Lowe* v. *Bliss,* 24 Ill. 168; 1 Cowen, 707. The fallacy on which *Gaar* v. *Bank,* and like cases are based, are, first, in assuming that overdue paper is not negotiable (see *Leavitt* v. *Putnam,* 3 Comst. 494); negotiability matter of form and applies to paper as much in its inception as at any time thereafter. *Alexander* v. *Oaks,* 2 Dev. & Bat. 513. And secondly, in assuming that provisions which make a

paper more desirable to holder would increase its negotia-
bility.

ASHE, J.   The only question presented by the appeal is
whether the indebtedness to the defendants can avail them
as a set-off, counterclaim, or defence against the demand of
plaintiff, and that depends upon the character of the writ-
ing declared on—whether it is negotiable or not ?

The essential element of a negotiable promissory note, is,
that it should be certain.   Certainty, first, as to the payee;
secondly, as to the maker; thirdly, as to the amount to be
paid; fourthly, as to the time when the payment is to be
made; and fifthly as to the fact itself of the payment.   1
Parsons on Bills and Notes, 30.   The instrument under
consideration is wanting in two of these qualities, to-wit, in
the *amount* to be paid and the *time* of payment.   In addition to
the specific sum promised, it stipulates for the·payment of
" all counsel fees and expenses in collecting the note if it is
sued on or placed in the hands of an attorney for collec-
tion ;" and it is made payable in current rate of exchange
on New York.   The stipulation in a written promise to pay
a certain sum and also " all fines according to rules," " all·
other sums that may be due, the current rate of exchange
to be added," or " deducting all advances or expenses," have
been held to deprive the instrument of the character of
negotiability.   1 Parsons, 37.

In *Wood* v. *North*, 84 Penn. State Rep., 407, where the
action was on a note in which there was a promise to pay a
certain sum, and five per cent. collection fee, if not paid
when due, SHARSWOOD, J., says:   "It is a necessary quality
of a negotiable paper that it should be simple, certain,
unconditional, and not subject to any contingency."   And it
was held in that case that the insertion in the note of the
clause, " and five per cent. collection fee if not paid when

due," rendered the note uncertain and destroyed its negotiability.

In Missouri it has been held that an instrument whereby the maker promises to pay a specific sum, and agrees, if the sum be not paid at maturity and the note is placed in the hands of an attorney for collection, to pay ten per cent. in addition as an attorney's fee, is not a promissory note, as a part of the amount agreed to be paid is uncertain and contingent. *Bank* v. *Gay*, 63 Mo., 33; *Goodloe* v. *Taylor*, 3 Hawks, 458.

But there is another serious objection to the claim set up for the negotiability of this instrument. It stipulates that the payees shall have full power to declare the note due at any time they may deem the note insecure, even before the maturity of the same. This divests it of the quality of certainty in the time of payment, which as has been shown is one of the essential elements of negotiability. The time of payment may be hastened at the option of the payees, and is therefore uncertain. And it has been held in Michigan that it is essential to a promissory note that it be payable at a time that must certainly arrive in the future, upon the happening of some event, or the completion of some period, not depending upon the volition of any one. *Brooks* v. *Hargreaves*, 21 Mich., 254.

Relying upon these authorities we hold that the instrument in question is not negotiable.

The next inquiry is, can the defendants, the note being assigned before maturity, avail themselves of the indebtedness of the assignor to them, as a valid defence to the action?

In the early history of the law, the transfers of all choses in action, including bills and notes, were forbidden by the common law, the rigid rule of which was first relaxed by the use of bills of exchange, which was the result of commercial convenience; and hence the law on this subject is

termed the "Law Merchant." Promissory notes were first made negotiable in England, like inland bills of exchange, by the statute of 3 and 4 Anne, ch. 9, and in this state by our act of 1862, which is a literal copy of that statute. But to attain the negotiability intended to be conferred by that act, it must possess all the attributes of an inland bill of exchange as to certainty, &c.; and if it should lack any of its essential qualities, it would still be a common law instrument and subject to the principles of that law in regard to choses in action. As for instance, where a non-negotiable note is assigned, the action at law must be brought by the assignee in the name of the assignor; and the assignee is put by the assignment in no better condition than the assignor, and only steps into his shoes, and the note assigned is subject to all the equities and defences which existed between the original parties before notice of the assignment; and it made no difference whether the note was assigned before or after maturity. The rule that the endorsee of a bill or note before maturity takes it freed from all equities and defences, except endorsed payments, is a principle of the Law Merchant, and applies to negotiable instruments, but has no application to notes that are not negotiable. Where an action is brought on a note of the latter class by the assignee in the name of the assignor, the rule is, that the equities set up by the defendant against the assignee must be such as subsisted at the time the defendant received *notice of the assignment.* 1 Danl. Neg. Instr., 555; 1 Parsons, 46; *Harris* v. *Burwell,* 65 N. C., 584. But the common law rule that an action by the assignee of a paper that is not negotiable must be brought in the name of the assignor has been changed in this state by section 55 of the Code, so as to enable him to sue in his own name, but without prejudice to any set-off or other defence existing at the time of or before notice of assignment. This section, it will be seen, makes no change whatever in the law, except as to

allowing the assignee to sue in his own name, instead of that of the assignor.

There is no error, and the judgment of the superior court of Wilson must be affirmed.

No error.                                           Affirmed.