Submitted on briefs without argument October 24, affirmed November 24, rehearing denied December 15, 1914.

## REYNOLDS v. VINT.

(144 Pac. 526.)

**Bills and Notes—Non-negotiable Notes—Effect of Statute.**

1. As to non-negotiable notes, the law remains as before adoption of the act (Laws 1899, p. 18) entitled "An act relating to negotiable instruments, being an act to establish a law uniform with the laws of other states on the subject"; the title limiting its operation.

[As to conditions in notes impairing their negotiability, see note in 125 Am. St. Rep. 192. As to what is a negotiable note, see note in Ann. Cas. 1912D, 4.]

Bills and Notes—Non-negotiable Notes.

2. A note providing that whenever the payee deems it insecure he may declare it due, even before maturity, is non-negotiable.

Bills and Notes—Non-negotiable Note—Release of Accommodation Maker.

3. The accommodation maker of a non-negotiable note, known to be such by the payee, is entitled to the rights of a surety, and a release by the payee of security given by the principal debtor releases such maker *pro tanto.*

From Tillamook: WEBSTER HOLMES, Judge.

In Banc.    Statement by MR. CHIEF JUSTICE McBRIDE.

This is an action by C. E. Reynolds against J. W. Vint and G. B. Lamb to recover the amount due upon a promissory note, which reads as follows:

"$475.00                          Tillamook, Oregon,
                                  "July 10th, 1912.

"For value received I promise to pay to the order of C. E. Reynolds, at Tillamook, Oregon, the sum of four hundred and seventy-five dollars, in gold coin of the United States of America, of the present standard value, the same to be paid as follows, to wit: The sum of $25.00 to be paid each month, on or before the 15th day of the month, provided that not less than $250.00 shall have been paid on or before one year from the date hereof, but in case the said $250.00 shall have been paid within one year from this date, no delinquency shall be declared by the holder of this note. All deferred payments shall bear interest at the rate of seven per cent per annum.   On failing to make the payments or any of the above payments as above provided when due, the holder of this note at his option may declare the whole amount then unpaid due and collectible.   And in case suit or action is instituted to collect this note, or any portion thereof, I promise to pay, in addition to costs and disbursements provided by statute, such additional sum as the court may adjudge reasonable as attorney's fees in such suit or action.   This note is given for one Flanders 20 automobile, No. 55745, No. 6579, and the express condi-

73 Or.—34

tion of the sale and purchase is such that the title, ownership or possession does not pass from the said C. E. Reynolds until this note is paid in full, and the said C. E. Reynolds, or his agents, have full power to declare this note due and take possession of the said automobile, for which it is given, when they deem themselves insecure, even before maturity of the note. And if I sell, loan or otherwise dispose of the above-described machine, I hold myself liable to the full penalty of the law, and hereby authorize the said C. E. Reynolds to enter the premises wherever the said machine may be found and take and carry the same away. And I agree not to remove above-described machine from the county of Tillamook without permission in writing from the said C. E. Reynolds, and if for any reason the machine herein purchased revert to the said C. E. Reynolds, I hereby authorize him, or his legal representatives, to sell the same, deduct all legitimate expenses in connection therewith, and apply the balance on this note. Any balance remaining then unpaid I hereby acknowledge as a just debt, which I agree to pay.                     J. W. VINT.
                                 "G. B. LAMB."

The defendant Lamb answered, admitting the execution of the note, and alleging defensively, in substance, that he signed as an accommodation surety; that he received no part of the consideration for the note, and that it was given for the purchase price of an automobile bought by Vint of plaintiff, and that plaintiff at the time had full knowledge that defendant Lamb had signed as surety only; that plaintiff had thereafter waived his security and given his consent to defendant Vint to dispose of and sell the automobile, which was of value sufficient to have liquidated the note. The defensive matter was denied, and the parties went to trial. The court, over the objection of plaintiff, admitted evidence tending to show that the relations of the parties were as stated in defendants'

answer, and there was also evidence tending to show that the value of the automobile was greater than the amount of the note. The court also instructed the jury that if they found plaintiff had given his consent, either actually or by implication, to Vint to dispose of the automobile, and thereby released it from the lien created by the terms of the note, they should offset the value of such security against the amount claimed by plaintiff. There was a verdict and judgment for defendants, and plaintiff appeals.

Submitted on brief without arguments under the proviso of Rule 18 of the Supreme Court: 56 Or. 622 (117 Pac. xi).    AFFIRMED.    REHEARING DENIED.

For appellant there was a brief over the names of *Mr. C. W. Talmage* and *Mr. E. J. Claussen.*

For respondent there was a brief submitted by *Mr. Sidney S. Johnson.*

Opinion by MR. CHIEF JUSTICE McBRIDE.

1. It seems to have been assumed upon the trial that this case was governed by the negotiable instruments law now in force in this state and in most of the other states of the Union, but such is not the case. The title of the act (Laws 1899, p. 18) is:

"An act relating to negotiable instruments—being an act to establish a law uniform with the laws of other states on that subject."

This limits the operation of the act to negotiable paper, and as to notes which are not of this character the law remains as it was before its adoption: Selover, Neg. Inst., § 2.

2. A note providing, as the note in suit does, that whenever Reynolds or his agents deem the note insecure they shall have power to declare it due, even before maturity, is non-negotiable: 3 R. C. L. 910; *Holliday State Bank* v. *Hoffman,* 85 Kan. 71 (116 Pac. 239, Ann. Cas. 1912D, 1, 35 L. R. A. (N. S.) 390).

3. This brings the case within the rule, frequently announced by this court, that an accommodation maker, known to be such by the payee of the note, is entitled to the rights of a surety, and a release by the holder of a note of a security given by the principal debtor releases the accommodation maker *pro tanto: Hoffman* v. *Habighorst,* 38 Or. 261 (63 Pac. 610, 53 L. R. A. 908). The opinion last cited contains a full citation of authorities upon this subject, and has settled the law in this state. The evidence very strongly tends to show that plaintiff knew that defendant Lamb was an accommodation maker merely, and, this being the case, the court did not err in submitting the matter to the jury.

The judgment is affirmed.

AFFIRMED.    REHEARING DENIED.