Argued October 31, affirmed December 12, 1916.

# WESTERN FARQUHAR MACHINERY CO. *v.* BURNETT.*

(161 Pac. 384.)

**Bills and Notes—Non-negotiable Instruments—What Constitute.**

1. A promissory note, by which the maker agreed to pay a sum certain for value received on a date certain, with interest, which recited that it was given for the purchase of a threshing machine, to which title was reserved in the payee of the note, with right to declare forfeiture at any time for nonpayment, even before the due date, is a non-negotiable instrument.

[For case and notes in point, see 125 Am. St. Rep. 185; 14 Ann. Cas. 1226.]

**Bills and Notes—Non-negotiable Instrument—Purchasers in Good Faith—Rights.**

2. The purchaser of a non-negotiable instrument takes it subject to all the equities between the original parties, so that, where a note was given for the purchase price of a thresher under warranty and the machine was not as warranted, it was unnecessary to show that the payee was the agent of the assignee in making the sale.

———

*Upon the subject of negotiability of note, as affected by provision accelerating maturity, see notes in 35 L. R. A. (N. S.) 390, 392; L. R. A. 1915B, 472. See, also, L. R. A. 1915F, 777; L. O. L., § 5834; 8 C. J. 139, § 239.

Negotiability, as affected by provision for attorney's fee, see note in L. R. A. 1915B, 928; *Peyser* v. *Cole*, 11 Or. 39 (4 Pac. 520, 50 Am. Rep. 451); *Cox* v. *Alexander*, 30 Or. 438 (46 Pac. 794); 8 C. J. 148.

REPORTER.

From Union: JOHN W. KNOWLES, Judge.

In Banc. Statement by MR. JUSTICE McBRIDE.

This is an action by the Western Farquhar Machinery Company, a corporation, against J. P. Burnett upon a promissory note, which is in the following form:

"$400.00.

"No. One.        La Grande, Oregon, Sept. 10, 1915.

"November 15, 1915, after date, for value received, I, or either of us promise to pay to the order of the Oregon Co-operative Association four hundred and no—100 dollars, payable at La Grande, Oregon, with 8 per cent interest from date.   This note is given upon the purchase of one rake separator 22x28 with straw carrier, feeder tables and bagger, one nine horse Alamo engine mounted upon trucks upon the express condition the title or ownership does not pass from the said Union County Co-operative Association until this note and interest is paid in full, and the said Union County Co-operative Association or their assigns are hereby fully authorized and empowered to declare this note due any time they may feel insecure, even before the maturity of the note if they so elect, may take possession of said one rake separator 22x28 with straw carrier, feeder tables and bagger. One nine horse Alamo engine mounted on trucks, and upon its sale credit to the amount of the note.   And in case suit or action is instituted to collect this note, or any portion thereof, I, or either of us promise and agree to pay in addition to the costs and disbursements provided by statute, such additional sum as the court may adjudge reasonable for attorney's fees to be allowed in said suit or action.

"P. O. Address, Hilgard, Ore.   Due ——.

"B. P. BURNETT."

It was alleged that the payee, the Oregon Co-operative Association, indorsed the note to plaintiff before due, and that plaintiff is now the owner and holder of the same.

Defendant answered, admitting the execution of the note, but denied that it was transferred or delivered before due for value, and alleged that the note was executed in favor of the Oregon Co-operative Association at the request of plaintiff; that the said association was the agent of plaintiff in making the sale; that the machine described in the note was sold to the defendant at that time by plaintiff, acting through the Oregon Co-operative Association as its agent, for the sum of $850, evidenced by two promissory notes, each signed by defendant, and one of which is the note in suit here. The answer further alleges:

"That the defendant, at the time of said purchase, and at the time of the execution of said notes, was and still is a farmer, engaged in farming and raising grain in the vicinity of Starkey, Union County, Or., and purchased said threshing machine and outfit for the express purpose of threshing his own, and others' grain for a consideration, all of which plaintiff then well knew; that the plaintiff, being at the time of said sale to defendant a manufacturer and producer of threshing outfits, undertook and agreed to sell defendant said machinery, which was a threshing outfit, to thresh said grain, and as an inducement to defendant to purchase the same, sold said threshing outfit to defendant by description and under a representation and warranty by the plaintiff, at the time of so furnishing them, made to defendant, that said machinery was as represented, and would do good work when properly handled and adjusted, and that it was fit for the said purpose to which it was to be applied; that said threshing outfit was sold by plaintiff to defendant, and said notes were delivered upon the express intention and condition that this said warranty that the outfit would do good work was to operate as a condition that if it were not as warranted, it was not to be considered or in fact be a sale of same, and, further, the plaintiff, well knowing the character of the straw and grain which de-

fendant would desire, and need to thresh with said outfit, represented and warranted and stated to said defendant that said threshing outfit would answer all needs and purposes for which defendant would desire to put said threshing outfit; that it would do good work and thresh at least 500 bushels of wheat or 600 bushels of oats in a working day; that said threshing outfit would properly thresh wheat, oats and barley, and would properly clean and fan the grain, and would not throw or discharge any of the grain out of the machine with the straw, and would, in all respects, do good work and be a satisfactory machine to said defendant, and that it was not to be considered a sale if said machine failed to do good work; that said defendant thereafter accepted said threshing outfit on trial."

The answer sets forth the falsity of said representations, and states substantially that the machine was practically worthless for the purposes for which it was sold; that defendant notified plaintiff of the defects, and offered to return the machine, but plaintiff refused to receive it. There was a counterclaim for damages, but this was later eliminated by a ruling of the court.

All the new matter in the answer was put in issue by an appropriate reply. There was a verdict and judgment for defendant, and plaintiff appeals.

AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. John S. Hodgin.*

For respondent there was a brief over the names of *Mr. R. J. Green* and *Messrs. Cochran & Eberhard,* with oral arguments by *Mr. Green* and *Mr. Colon R. Eberhard.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

1, 2. The gist of the defense in this case is that the association that sold the machine to defendant and to whom the note was given fraudulently misrepresented the machine to plaintiff, and thereby induced him to give his notes for a worthless machine. In our view of the case it makes no difference whether the seller was acting on its own responsibility or as agent for plaintiff, or whether the note was transferred with or without actual notice of the alleged fraud, or before or after it became due, for this reason: The note is non-negotiable. This was decided by us in the case of *Reynolds* v. *Vint,* 73 Or. 528 (144 Pac. 526); the note there in suit being practically identical with the one here. Being non-negotiable, the purchaser takes it subject to all the equities between the original parties: 8 Corpus Juris, p. 52, § 54, and notes. This being the law, the testimony in regard to agency was wholly irrelevant to any issue in the case, and the trial of that issue upon the whole gave the plaintiff a better case than that to which it was entitled. There was evidence sufficient to justify the court in submitting the question of the alleged deceit to the jury, and no error is directed against such ruling beyond those objections predicated upon the theory that it was necessary for defendant to prove that the Oregon Co-operative Association was the agent of plaintiff, which, as before stated, was unnecessary.

The judgment is affirmed.          AFFIRMED.