GREAT FALLS NATIONAL BANK, APPELLANT, *v.* YOUNG ET AL., RESPONDENTS.

(No. 5,183.)

(Submitted May 4, 1923. Decided May 19, 1923.)

[215 Pac. 651.]

*Promissory Notes—When Non-negotiable—Notice of Appeal— Service—"Adverse Party."*

Appeal—Notice of Appeal—Service on "Adverse Party."
  1. An "adverse party" within the meaning of section 9733, Revised Codes of 1921, upon whom the appellant must serve a notice of appeal, is one who has an interest in the object sought to be accomplished by the appeal, and under that section a party to a judgment whose rights may be injuriously affected by its reversal or modification is entitled to notice.

[67 Mont. 328.]

Same—Motion for New Trial by One Defendant—Notice of Appeal to Codefendant not Required, When.

2.   Where the judgment in an action on a promissory note was joint and several against the maker and an indorser, and the maker asked for and was granted a new trial and the verdict and judgment were set aside only as to him, his codefendant, not having moved for a new trial, will be presumed to have been satisfied with the judgment and incapable of being injuriously affected by the result of the appeal from the new trial order, and hence was not an adverse party entitled to notice of the appeal.

Promissory Notes—When Non-negotiable.

3.   *Held,* that a six months' promissory note containing an accelerating clause to the effect that "in the event of insolvency of either makers or indorsers, or the institution of suit or attachment against them or either of them, or the mortgaging of any property by the makers or indorsers," the note might be declared immediately due and payable, was non-negotiable in that it left the time when payable uncertain and indefinite.

*Appeal from District Court, Hill County; Charles A. Rose, Judge.*

ACTION by the Great Falls National Bank against C. W. Young and another.   Judgment for plaintiff, and from an order granting the motion of defendant Young for new trial, plaintiff appeals.   Affirmed.

*Messrs. Maddox & Church,* for Appellant, submitted a brief; *Mr. Fletcher Maddox* argued the cause orally.

The note in question contains a fixed time of payment and the rule seems to be well settled that provisions in a note accelerating the time of payment do not destroy its negotiability.   This principle is applied to instruments payable at a day certain or sooner if some specified event shall happen and they are construed to be due in all events at the day limited and to be negotiable.   In the instant case the note is payable at a fixed time, to-wit, six months after date, and for that reason "its quality as a negotiable instrument is not destroyed by the fact that it also embodies a conditional promise to pay at an earlier time.   *   *   *   The conditional promise to pay the money before the time specified does not abrogate or in-

---

3.   Provision accelerating maturity as affecting negotiability, see notes in 35 **L. R. A.** (n. s.) 390; **L. R. A.** 1915B, 472.

terfere with the absolute promise to pay at the expiration of the time." (3 R. C. L., par. 95, p. 908; 8 C. J. 135, 136, 138; *Nickell* v. *Bradshaw,* 94 Or. 580, 11 A. L. R. 623, 183 Pac. 12; *Joergenson* v. *Joergenson,* 28 Wash. 477, 92 Am. St. Rep. 888, 68 Pac. 913; *Halstad State Bank* v. *Bilstad,* 162 Iowa, 433, 49 L. R. A. (n. s.) 132, 136 N. W. 204, 144 N. W. 363.) The note sued on was a negotiable instrument and, being such, the plaintiff bank under the evidence was a holder in due course and as such entitled to recover thereon.

*Mr. J. P. Donnelly* and *Messrs. Nolan & Donovan,* for Respondents, submitted a brief; *Mr. Donnelly* argued the cause orally.

A provision in a note otherwise negotiable for confession of judgment "at any time hereafter" renders it non-negotiable. (*Clark* v. *Horicorn State Bank,* 171 Wis. 133, 176 N. W. 906; *First Nat. Bank* v. *Russell,* 124 Tenn. 618, Ann. Cas. 1913A, 203, 139 S. W. 736.) A note secured by a mortgage, giving the mortgagee the right to declare the debt due without regard to whether the mortgagor was in default, renders the note non-negotiable for uncertainty as to the time of payment. (*Des Moines Savings Bank* v. *Arthur,* 163 Iowa, 205, Ann. Cas. 1916C, 498, 143 N. W. 556; *Reynolds* v. *Vint,* 73 Or. 528, 144 Pac. 526.) The right of the payee of the note to call for additional security or otherwise note shall mature at once renders the note non-negotiable. (*Holliday State Bank* v. *Hoffman,* 85 Kan. 71, Ann. Cas. 1912D, 1, 35 L. R. A. (n. s.) 390, 116 Pac. 239.) A note providing that whenever the payee deems himself insecure he may declare it due even before maturity is non-negotiable. (*Reynolds* v. *Vint, supra; Western Torquhar M. Co.* v. *Burnett,* 82 Or. 174, 161 Pac. 384; *Warren* v. *Gruwell,* 5 Kan. App. 523, 48 Pac. 205; *First Nat. Bank* v. *Carson,* 60 Mich. 432, 27 N. W. 589.) A note providing that the maturity date shall be accelerated and the mortgage securing it foreclosed on default in pay-

ment of taxes is non-negotiable. (*Bright* v. *Offield,* 81 Wash. 442, 143 Pac. 159.)

In *Kimpton* v. *Studebaker,* 14 Idaho, 552, 125 Am. St. Rep. 185, 94 Pac. 1039, it was held that a provision in a promissory note giving the holder power to declare the money due thereon and take possession of the property described therein whenever he deems himself insecure renders the note non-negotiable. And in the very recent case of *Moyer* v. *Hyde,* 35 Idaho, 161 204 Pac. 1068, the *Kimpton Case* is approved and the court holds that a clause merely authorizing the seizure and sale of the property for which the note was given, whenever the payee deems himself insecure, renders the note non-negotiable. (See, also, *First Nat. Bank* v. *Byrum,* 84 N. C. 24, 37 Am. Rep. 604.) And a provision that a note shall mature whenever the maker shall sell or remove certain property renders the note non-negotiable. (*First Nat. Bank* v. *Carson,* 60 Mich. 436, 27 N. W. 589.)

A provision by the terms of which a payee is given an option to declare a note due before maturity, independently of any default on the part of the maker, renders it non-negotiable, according to a number of decisions. (8 C. J. 139, note 37.)

HONORABLE WM. L. FORD, District Judge, sitting in place of MR. CHIEF JUSTICE CALLAWAY, disqualified, delivered the opinion of the court.

This is an action by the plaintiff upon a promissory note executed and delivered by the defendant C. W. Young to the defendant A. L. Ritt, and by Ritt assigned to the plaintiff bank. The complaint is in the ordinary form, and based upon the following promissory note, to-wit:

"8,000.00.            Havre, Mont., December 13, 1920.

"Six months after date, I, we, or either of us promise to pay to the order of A. L. Ritt, eight thousand dollars at the Havre National Bank, Havre, Montana, for value received, with interest at 8 per cent. per annum payable from date.

"In case of suit to recover herein, a reasonable attorney's fee to be fixed and allowed by the court shall be taxed and collected as a part of the costs of action. Any interest not punctually paid when due shall become a part of the principal and thereafter bear the same rate as the principal debt. The makers and indorsers hereby waive presentment, demand, protest and notice thereof, and agree that in event of insolvency of either makers or indorsers, or the institution of suit or attachment against them or either of them, or the mortgaging of any property by the makers or indorsers, this note may be declared to be immediately due and payable.

"C. W. YOUNG."

The answer of C. W. Young admits the execution and delivery of the note, but alleges that he received no value or consideration whatsoever; that he left the note with the defendant Ritt on condition that he would not assert any rights under it or transfer it and would retain it for the defendant Young and redeliver it upon demand; admits the assignment and delivery of the note to the plaintiff; admits that the plaintiff is the holder, but denies that it is the owner; admits nonpayment, but denies anything due or owing on the note; and then alleges affirmatively want of consideration for the note. The defendant Ritt filed separate answer in which he admitted the execution and delivery of the note to him, and that he assigned and delivered it to plaintiff; denied that plaintiff is the owner of the note, and that anything is due thereunder. A reply was filed to the affirmative matter in the answer of the defendant Young.

The defendant Young testified, in substance, that he received no consideration for the note, and that he left it in the possession of Ritt so that the amount thereof could be deposited to his credit in case he made a certain business deal in Chicago and needed the money. The evidence further shows that he did not make such deal, and that he did not receive credit for the amount of the note. The evidence— which was admitted over plaintiff's objection—also tended to

show that the note sued upon was placed with the plaintiff
bank as collateral security for two notes, one of which was
the personal note of Ritt for $7,000, and the other the Havre
Loan & Credit Company note for the sum of $4,530, which
was indorsed by Ritt. At the conclusion of the testimony
both parties moved for a directed verdict, and the court
granted the plaintiff's motion. The defendant Young sepa-
rately moved for a new trial, which motion was by the court
granted upon the ground that there was no evidence of Ritt's
liability upon the original Havre Loan & Credit Company's
note, and upon the further ground that upon the pleadings
and issues joined thereon and upon the evidence it was error
to direct a verdict for the plaintiff. The appeal is from the
order granting a new trial.

The respondent Young moves to dismiss the appeal upon
[1, 2]    the grounds: First, that the appellant has failed to
serve notice of appeal upon A. L. Ritt; and, second, that the
appellant has failed to furnish the papers required for the
hearing of the appeal upon the merits.

An "adverse party," within the meaning of the statute
(sec. 9733, Rev. Codes 1921), "is one who has an interest
in the object sought to be accomplished by the appeal."
(*Power & Bro.* v. *Murphy,* 26 Mont. 387, 68 Pac. 411; *Merk*
v. *Bowery Min. Co.,* 31 Mont. 298, 78 Pac. 519; *Anderson* v.
*Red Metal Min. Co.,* 36 Mont. 312, 93 Pac. 44; *Cummings* v.
*Reins Copper Co.,* 40 Mont. 599, 107 Pac. 904; *Jenkins* v.
*Carroll,* 42 Mont. 302, 112 Pac. 1064.) A party to a judg-
ment whose rights may be injuriously affected by its reversal
or modification is entitled to notice of appeal. (*Power & Bro.*
v. *Murphy, supra.*) As the judgment in this case is joint and
several, and the defendant C. W. Young alone moved for
a new trial, and, as we construe the order granting the new
trial, the verdict and judgment were only set aside as to the
defendant Young, the defendant Ritt cannot be prejudicially
affected by anything that may happen here, and he could have
no interest in opposing the object sought to be obtained by

this appeal. Not having moved for a new trial, he is presumed to be satisfied with the judgment and to object to a reversal of it or to a change in its terms. Therefore he is not "adverse" within the meaning of section 9733, *supra,* and service of notice upon him was unnecessary. (*Anderson* v. *Red Metal Min. Co., supra.*)

As to the second ground for the motion to dismiss, suffice it to say that the plaintiff has furnished to this court all the papers required by section 9402, Revised Codes of 1921, upon an appeal from an order granting a new trial.

The motion is denied.

On the merits: While the order granting the new trial specifies one ground therefor, we think that it is sufficiently general in its terms to be sustained, if it can be on any other ground specified in the motion, which brings us to the question: Is the note sued upon herein negotiable?

Our Negotiable Instruments Act defines a negotiable promissory note as follows:

"A negotiable promissory note, within the meaning of this [3]  Act, is an unconditional promise in writing made by one person to another, signed by the maker, engaging to pay on demand, or at a fixed or determinable future time, a sum certain in money to order or to bearer. Where a note is drawn to the maker's own order, it is not complete until indorsed by him." (Rev. Codes 1921, sec. 8591.)

"An instrument to be negotiable must conform to the following requirements:

"1. It must be in writing, and signed by the maker or drawer;

"2. Must contain an unconditional promise or order to pay a sum certain in money;

"3. Must be payable on demand, or at a fixed or determined future time;

"4. Must be payable to order or to bearer; and

"5. Where the instrument is addressed to a drawee, he must be named or otherwise indicated therein with reasonable certainty." (Sec. 8408, Rev. Codes 1921.)

An instrument is payable at a determinable future time, within the meaning of this Act, when it is expressed to be payable: (1) At a fixed period after date or sight; or (2) on or before a fixed or determinable future time; or (3) on or at a fixed period after the occurrence of a specified event, which is certain to happen, though the time of happening is uncertain. An instrument payable upon a contingency is not negotiable and the happening of the event does not cure the defect. (Sec. 8411, Rev. Codes 1921.)

The note herein sued upon provides that it shall be due in six months after date, but its maturity is accelerated by the following provisions: "And agree that in event of insolvency of either makers or indorsers, or the institution of suit or attachment against them or either of them, or the mortgaging of any property by the makers or indorsers, this note may be declared to be immediately due and payable." And, under the rule laid down by the supreme courts of Oregon and Iowa, such note would be negotiable.

In the case of *Nickell* v. *Bradshaw*, 94 Or. 580, 11 A. L. R. 623, 183 Pac. 12, the court says: "Stated broadly, the overwhelming weight of authority is to the effect that, where a note is made payable on a definite day and also contains a conditional promise to pay at an earlier time, the instrument is not rendered non-negotiable by the acceleration clause." To the same effect is the case of *Halstad State Bank* v. *Bilstad,* 162 Iowa, 433, 49 L. R. A. (n. s.) 132, 136 N. W. 204, 144 N. W. 363. We cannot subscribe unqaulifiedly to such a rule, for, as Professor Chafee says in his article on "Acceleration Provision in Time Paper": "By this argument any accelerating provision would be valid; yet, as we shall see, many of such provisions are held invalid under the Act. * * * It seems impossible that the Act would be held to permit notes

payable in 100 years or sooner when the peace conference is over; in twenty years or when an aeroplane crosses the Atlantic." (32 Harvard Law Review, p. 772.) Also the universal rule is that a note payable at a fixed date, but with an accelerating provision that "this note shall become due and payable on demand at the option of the payee, when it deems itself insecure," is not negotiable. (*Puget Sound State Bank* v. *Washington Paving Co.,* 94 Wash. 504, 162 Pac. 870; *Reynolds* v. *Vint,* 73 Or. 528, 144 Pac. 526; *Western Farquhar Machine Co.* v. *Burnett,* 82 Or. 174, 161 Pac. 384; *Holliday State Bank* v. *Hoffman,* 85 Kan. 71, Ann. Cas. 1912D, 1, 35 L. R. A. (n. s.) 390, 116 Pac. 239; *Bonart* v. *Rabito,* 141 La. 970, 76 South. 166.) The reasons given by the courts why such notes are non-negotiable is that "the effect of this stipulation is to leave the time when payable uncertain and indefinite." (*Holliday State Bank* v. *Hoffman, supra.*)

In this case who is to determine whether the maker is insolvent? The holder? If so, upon what facts is he to determine his insolvency, and when? Has he an option to declare the note due and payable upon his own determination of the maker's insolvency? If he has, then the stipulation in the note falls clearly within the rule above announced. Also, the maker, or an indorser, may be sued the next day after the note is given, or the next week, upon a claim without any foundation, and over which event neither the maker nor indorser would have any control, and the note may be declared to be due and payable; and the maker, or any indorser thereon, may never be sued, or their property attached, or become insolvent. Our conclusion is that the note is not payable on demand or at a fixed or determinable future time as required by sections 8591 and 8408, Revised Codes of 1921, and is therefore non-negotiable, and that in the hands of the plaintiff it was subject to all of the defenses available against the payee.

Failure of consideration having been pleaded, and evidence in support thereof submitted, the court erred when it directed a verdict for the plaintiff, and was right when it granted a new trial.

The order is affirmed.

*Affirmed.*

ASSOCIATE JUSTICES COOPER, HOLLOWAY, GALEN and STARK concur.