## OKLAHOMA STATE BANK v. FIRST NAT. BANK OF GRANDFIELD et al.

No. 14179—Opinion Filed May 19, 1925.

(Syllabus.)

1. **Bills and Notes—Negotiability—Definite Due Date.**

Under section 7671, Comp. Stat. 1921, a note to be negotiable must be payable on demand or at a fixed or determinable future time.

2. **Same—Nonnegotiable Note.**

. A note, providing that the payee is fully authorized to proceed to collect the same at any time he may reasonably believe himself insecure, is nonnegotiable.

3. **Same—Defenses Against Bona Fide Purchaser.**

Although a nonnegotiable note is in the hands of a bona fide purchaser before maturity, it is subject to every defense in an action by the holder that could have been interposed against it in the hands of the original payee.

4. **Appeal and Error — Sufficiency of Evidence—Conclusiveness of Verdict.**

In an action tried by a jury, where the court hears all the evidence offered by the different parties, and fairly instructs the jury on the law applicable to the case, and a verdict is returned within the issues, and is reasonably supported by the evidence, the same will not be disturbed on appeal.

Error from District Court, Tillman County; Frank Mathews, Judge.

Action by the Oklahoma State Bank on a note and for foreclosure of mortgage against D. M. McClain et al. Judgment for defendants, and plaintiff brings error. Affirmed.

Huggins & Christian, for plaintiff in error.

W. A. Smith and W. M. Howenstein, for defendants in error.

MASON, J. This suit was filed by the Oklahoma State Bank of Frederick, Okla., on a note and chattel mortgage executed by D. M. McClain in favor of the Grandfield Hardware Company, and later transferred and assigned by it to the Oklahoma State Bank. It is conceded that one J. J. Allen is the sole proprietor of the Grandfield Hardware Company. No contention is made but that said transfer was made for a valuable consideration before maturity and without any actual notice of any defects or irregularities therein.

The chattel mortgage purported to cover the 1921 crop grown by McClain, and in this action it was sought to foreclose the same.

After the execution of said note and mortgage, and prior to the filing of this action, McClain paid the proceeds of his 1921 cotton crop, amounting to $794.44, to the First National Bank of Grandfield, Okla., to be applied upon a note of McClain held by said bank.

The Oklahoma State Bank claimed the proceeds of said cotton crop and made the First National Bank a party defendant, asking judgment against it in said amount of $794.44.

The defendants filed answers alleging that the note sued on was executed and delivered to the payee without consideration; that it was obtained through fraudulent and false representations of the payee; that the note was nonnegotiable. The prayer of said answers asks for the cancellation of said note and mortgage.

The case was tried to a jury and verdict returned in favor of defendants, upon which the court rendered judgment, from which the plaintiff, Oklahoma State Bank, has duly perfected its appeal to this court.

For reversal, it is first contended that the trial court erred in instructing the jury that said note was nonnegotiable.

The first part of the instrument sued on contains all the elements of a negotiable note. Although dated June 6, 1921, and due "on or before the first day of October, 1921," certain recitals are contained in the face of the note whereby it was to become due upon the performance or nonperformance of certain acts by the maker thereof. The following clause is then incorporated in and made a part of said note:

"And the said Grandfield Hardware Company, or their authorized agent, are hereby authorized to proceed to collect the same at any time they may reasonably believe themselves insecure."

The trial court took the view, and it is the contention of the defendants in error, that this clause in the note is contrary to the third provision of section 7671, Comp. Stat. 1921, which is a part of the Uniform Negotiable Instruments Act, and that therefore said note was nonnegotiable.

Section 7671, Comp. Stat. 1921, provides that an instrument in order to be negotiable must conform to the following requirements:

"First: It must be in writing and signed by the maker or drawer;

"Second: Must contain an unconditional promise or order to pay a sum certain in money;

'Third: Must be payable on demand or at a fixed or determinable future time;

"Fourth: Must be payable to order or to bearer; and

"Fifth: Where the instrument is addressed to the drawee, he must be named or otherwise indicated therein with reasonable certainty."

Counsel for plaintiff in error, in support of their contention that said note is negotiable, cite many cases from other states, an examination of which discloses that they were decided either prior to the adoption of the Uniform Negotiable Instruments Act. or that they were based on notes containing a provision for the acceleration of the time of payment, conditional on the performance or nonperformance of certain acts by the maker. These cases are not applicable to the case at bar.

The clause in the note under consideration gives the payee power to declare it due at any time he deems himself insecure—something over which the maker has no control.

The question, therefore, for our determination is: What is the effect on negotiability where the payee is given an option to declare a note due before maturity, independent of any default on the part of the maker?

We have not been able to find where this court has ever passed on this question directly, although in the case of Westlake v. Cooper et al., 69 Okla. 212, 171 Pac. 859, it was held that the negotiability of a promissory note is not destroyed by interpolating provisions for accelerating its maturity made in the accompanying mortgage but not contained in such note. The opinion infers that a contrary rule would have been announced if the clause accelerating maturity had been in the note and not merely in the mortgage.

In 3 R. C. L. p. 910, the general rule is stated as follows:

"But a note is not negotiable which gives the payee power to declare it due at any time he deems himself insecure."

The same rule is announced in the following cases: Holliday State Bank v. Hoffman (Kan.) 116 Pac. 239, Ann. Cas. 1912 D, 1, and note, 35 L. R. A. (N. S.) 390; First National Bank of New Windsor v. Bynum, 84 N. C. 24, 37 Am. Rep. 604; Reynolds v. Vint et al. (Ore.) 144 Pac. 526; Nickell v. Bradshaw (Ore.) 183 Pac. 12, 11 A. L. R. 623.

The case of Nickell v. Bradshaw, supra, is a well-reasoned case, in which many cases touching on the various phases of the question under consideration are cited and discussed. Paragraph 6 of the syllabus provides:

"A note payable on a definite day is not rendered nonnegotiable by a conditional promise to pay on an earlier day, unless the earlier day is completely dependent on the caprice of the holder."

No cases are cited and we have been unable to find any that hold to the contrary, and for that reason we conclude that the trial court properly held the note under consideration to be nonnegotiable.

Therefore, although the plaintiff bank was a bona fide purchaser before maturity, the note was subject to every legal defense which could have been interposed against it in the hands of the original payee.

The defendant McClain alleged a failure of consideration for the execution and delivery of said note to the Grandfield Hardware Company. The jury returned a verdict for the defendants. The plaintiff moved for judgment notwithstanding said verdict, which motion was overruled by the trial court.

The plaintiff in error for reversal next contends that the verdict of the jury is contrary to the evidence; that the trial court erred in overruling its motion for judgment notwithstanding the verdict of the jury, and in rendering judgment for the defendants.

The defendant McClain, as a witness, testified that J. J. Allen stated that he was on McClain's note and wanted a note and mortgage to indemnify him in the event he became liable by reason of this indorsement; that he (McClain) did not owe J. J. Allen or the Grandfield Hardware Company anything at the time said note and mortgage were executed and delivered; that J. J. Allen had previously required these "second" mortgages and notes when he was an indorser on McClain's notes at the bank; that Allen had stated that he had indorsed McClain's note at the bank, and that this was the reason he wanted McClain to execute said note and mortgage; that J. J. Allen never had to pay anything to the bank by reason of any indorsement on McClain's note. Mr. Maple, president of the First National Bank of Grandfield, testified that no liability ever attached to J. J. Allen by reason of his indorsement on McClain's note at the bank. The plaintiff, for some reason, did not attempt to rebut the evidence of McClain with the testimony of Allen, the other party to the transaction.

The question as to whether or not any consideration for said note passed from the

Grandfield Hardware Company (J. J. Allen) to McClain was one of fact upon which the jury found for the defendant. This court has repeatedly announced the following rule:

"In an action tried by a jury, where the court hears all of the evidence offered by the jury on the law applicable to the case and a verdict is returned within the issues and is reasonably supported by the evidence, the same will not be disturbed on appeal." Ft. Smith & W. R. Co. v. Chandler Cotton Oil Co., 25 Okla. 82, 106 Pac. 10.

There was ample evidence to support the verdict of the jury, and the judgment of the trial court, and the same is therefore affirmed.

NICHOLSON, C. J., BRANSON, V. C. J., and HARRISON, PHELPS, LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 8 C. J. p. 135. (2) 8 C. J. p. 139; anno. 35 L. R. A. (N. S.) 392; L. R. A. 1915B, 473. 3 R. C. L. 910; 1 R. C. L. Supp. 916; 4 R. C. L. Supp. 221. (3) 8 C. J. p. 720. (4) 4 C. J. p. 853.