OLD COLONY TRUST COMPANY, Plaintiff, *v.* GUSTAV STUMPEL, Defendant.

Supreme Court, New York County, January 12, 1926.

Bills and notes — requisites and validity — negotiability of promissory note not impaired by marginal notation " This note is given in accordance with the terms of a conditional sales agreement between the payee and maker hereof "— printed clause making note subject to terms of conditional sales agreement subjects note to agreement and makes note non-negotiable — clause not qualified or conditional indorsement under Negotiable Instruments Law, §§ 68, 69.

Where a recital in a promissory note, having reference to the transaction for which the note is given, is separate and distinct from the note, the terms of the contract

involving the transaction are not incorporated in said note. But where the reference clearly qualifies the promise to pay, negotiability is impaired.

Accordingly, a notation on the margin of a promissory note, given in part payment of a motor truck under a conditional sales contract, bearing the words, " This note is given in accordance with the terms of a conditional sales agreement between the payee and maker hereof," does not impair the negotiability of the note in the absence of proof showing that the words were intended to qualify the provision to pay.

But a printed clause on the back of the note reading: " The within note is subject to the terms of a conditional sales agreement executed by the maker thereof upon this date," specifically subjects the note to the terms of the conditional sales agreement and renders it non-negotiable, since said agreement accelerates the maturity of the note upon the insolvency of the maker.

The said clause on the back of the note is not a qualified or conditional indorsement, within the meaning of sections 68 and 69 of the Negotiable Instruments Law.

ACTION by *bona fide* purchaser of promissory notes given in accordance with terms of conditional sales agreement.

*Geller, Rolston & Blanc* [*George S. Mittendorf* of counsel], for the plaintiff.

*M. Walzer* [*R. Gitlan* of counsel], for the defendant.

PROSKAUER, J. In an action by a *bona fide* purchaser of notes, given in part payment of a motor truck sold to defendant by the Old Reliable Motor Truck Corporation, defendant sets up failure of consideration. The truck was not satisfactory and was returned. The defense is good unless the notes are negotiable instruments. In the margin is printed: " This note is given in accordance with the terms of a conditional sales agreement between the payee and maker hereof." Printed on the back is: " The within note is subject to the terms of a conditional sales agreement executed by the maker thereof upon this date."

There are two questions: Do these legends incorporate the conditional sales agreement into the note and does this agreement destroy its character as a negotiable instrument?

Thus, where the recital reads: " This note * * * is subject to all the terms and conditions of said mortgage," it would be doing violence to the language to say that the note is unconditional, when it expressly says upon its face that it is subject to conditions. The reference to the mortgage by the terms of the note is in effect making the note and mortgage one instrument, with the conditions rendering the note non-negotiable. (*Klots Throwing Co.* v. *Manufacturers' Commercial Co.*, 179 Fed. 813; *McComas* v. *Haas*, 107 Ind. 512; *Titlow* v. *Hubbard*, 63 id. 6; *Farmers State Bank* v. *Blazek*, 115 Kans. 178; *Cushing* v. *Field*, 70 Maine, 50; *Rieck* v. *Daigle*, 17 N. D.

365; *Parker* v. *American Exch. Bank,* [Tex. Civ. App. 1894] 27 S. W. 1071; *Dilley* v. *Van Wie,* 6 Wis. 209, accord.)

If the language here is " a statement of the transaction which gives rise to the instrument " (Neg. Inst. Law, § 22), there could be no such incorporation as to destroy negotiability. (*Slaughter* v. *Bank of Bisbee,* 17 Ariz. 484; *Continental Guar. Corp.* v. *People's Bus Line,* [Del. 1922] 117 Atl. 275; *McCornick & Co.* v. *Gem State O. & P. Co.,* 38 Ida. 470; *Levy* v. *Artophone Co.,* [Mo. App. 1923] 249 S. W. 158; *Coleman* v. *Valentin,* 39 S. D. 323; *Metropolitan Nat. Bank* v. *Vanderpool,* [Tex. Civ. App. 1917] 192 S. W. 589; *Dollar Sav. & T. Co.* v. *Crawford,* 69 W. Va. 109.)

So, a recital of " Value received as per terms of contract " will not impair negotiability. (*National Bank* v. *Wentworth,* 218 Mass. 30; *Waterbury-Wallace Co.* v. *Ivey,* 99 Misc. 260; affd., 180 App. Div. 932; *First Nat. Bank* v. *Badham,* 86 S. C. 170.)

Close questions arise where the recital reads " as per contract " or " in accordance with " the contract. The apparent conflict in the authorities is reconciled by SOMERVILLE, J., in *Strand Amusement Co.* v. *Fox* (205 Ala. 183, 185): " The conclusion in most cases is made to depend upon the collocation of the reference clause with a particular part of the note and its relation thereto. If it is so placed in relation to the promise to pay as to clearly qualify that promise by subjecting it to the terms of some other contract referred to, negotiability is denied. * * *

" Thus, the question presented is one primarily of construction of the terms of the instrument.

" In the instant case, the reference clause is separate and distinct from the rest of the note. * * * There is nothing to show that it was intended to qualify the promise to pay, rather than to explain merely the occasion or the circumstances of its execution. Its detachment, both physically and grammatically, from the essential parts of the note, would seem, however, to invite, as more rational, the conjecture that it was merely an explanation of the note as a whole — a memorandum to identify it by connecting its execution with an existing agreement ' as per ', that is, in accordance with, or pursuant to, which it was made."

Where the reference clearly qualified the promise to pay, negotiability was held to be impaired. (*Chicago Tr. & Sav. Bank* v. *Trust Co.,* 190 Ill. 404; *Continental Bank & Trust Co.* v. *Times Pub. Co.,* 142 La. 209; *International Finance Corp.* v. *Calvert Drug Co.,* [Md. 1924] 124 Atl. 891; *Goodenow* v. *Curtis,* 33 Mich. 505, 507, 508; *Oatman* v. *Taylor,* 29 N. Y. 649, 663.)

Where, however, the reference clause was separate and distinct from the rest of the note, the terms of the contract were held not to

be therein incorporated. (*Strand Amusement Co. v. Fox*, 205 Ala. 183; *Doyle v. Considine*, 195 Ill. App. 311; *Markey v. Corey*, 108 Mich. 184.)

Applying this test to the recital on the face of the note herein, negotiability is not thereby impaired.

The recital on the back of the note, however, specifically subjects the note to the terms of the conditional sales agreement. (*Hull v. Angus*, 60 Ore. 95, and cases cited *supra*.) Nor can the circumstance that the recital was on the back of the note change the situation. In *Parker v. American Exch. Bank*, [Tex. Civ. App. 1894] 27 S. W. 1071, 1073, LIGHTFOOT, Ch. J., said: "Upon the back of the notes were these words: 'This note is given in accordance with and subject to the terms of a contract made Feb'y 10, 1891.' It has been held 'that any memorandum or agreement of the parties written across the face or on the back of the instrument contemporaneously with its execution, and intended and understood by them to constitute a part of the contract, is a substantive part of such note, and limits and qualifies it in the same manner as if inserted in the body of the instrument itself, and, with it, constitutes a single contract.' *Goldman v. Blum*, 58 Tex. 643. The above indorsement on the back of the notes destroyed their negotiability, so as to let in any defense that may have existed between the original parties." (*Grimison v. Russell*, 14 Neb. 521, accord.)

Plaintiff's contention that this clause is merely a qualified or conditional indorsement (Neg. Inst. Law, §§ 68, 69) finds no support in the language used, printed on the note long before execution and referring to an agreement executed "upon this date," obviously the date of the execution, not of indorsement. Moreover, it subjects to its terms "the within note," not the indorsement.

The note thus being made expressly subject to the terms of the conditional sales agreement, that agreement, incorporated therein, must be examined to ascertain if any of its provisions impair negotiability. It provides, among other things: "If the Seller shall at any time deem the said contract, said property or said debt unsafe or insecure, the whole amount herein secured on said negotiable instrument remaining unpaid is by the said Purchaser admitted to be due and payable and the said Seller may at the said Seller's option repossess said property as herein provided."

Since the famous expression of Chief Justice GIBSON that "a negotiable bill or note is a courier without luggage" (*Overton v. Tyler*, 3 Penn. St. 346), courts have constantly had to determine how much luggage was permissible in the light of the growth and complexity of modern business. Almost all courts agree that an acceleration clause for non-payment does not impair negotiability.

(*Higgins* v. *Hocking Valley R. Co.*, 188 App. Div. 684, and cases cited in note in 34 A. L. R. 883, 884.) HARRIS, J., in *Nickell* v. *Bradshaw* (94 Ore. 580, 596) points out that " An acceleration clause does not necessarily destroy the negotiability of an instrument. The chief difficulty, however, is encountered whenever an attempt is made to formulate a rule by which to determine the validity of all acceleration provisions."

Professor Chafee has formulated as a test that " payment can be accelerated only by the performance of an act regularly incident to the collection of the paper." (32 H. L. R. 756, 773.) Mr. Justice DAWKINS' suggestion in *Farmers' & Merchants' Bank* v. *Davies* (144 La. 532), is, " Wherever the additional stipulations are merely in aid of the collection of the note, and do not constitute an undertaking to give or do something else foreign to that end, they do not destroy negotiability." In no reported case has a clause, accelerating maturity if the holder deems himself insecure, been held negotiable, though a few States have gone as far as to hold negotiable notes with clauses accelerating maturity upon insolvency of the maker or attachment of the property securing the note. (*McCornick & Co.* v. *Gem State O. & P. Co.*, 38 Ida. 470; *Bonart* v. *Rabito*, 141 La. 970, 980; *Schmidt* v. *Pegg*, 172 Mich. 159; *Nickell* v. *Bradshaw*, 94 Ore. 580, 596–599.) The last two cases carefully distinguish clauses accelerating if the holder deems himself insecure. In *Nickell* v. *Bradshaw* (94 Ore. 580, 597) HARRIS, J., points out that " The cases holding that an instrument is not negotiable if it contains a clause giving the holder the right to declare the debt due if he deems himself insecure are based primarily upon the objection that the date of maturity is placed wholly under the control of the holder, is completely dependent upon his whim or caprice and is independent of any act done or omitted by the maker." (*McCornick & Co.* v. *Gem State O. & P. Co.*, 38 Ida. 470, accord.)

The dictum in *Chelsea Exchange Bank* v. *Warner* (202 App. Div. 499, 503) and *Security Bank & Trust Co.* v. *Foster*, ([Tex. Civ. App. 1923] 249 S. W. 227) are distinguishable, since those notes were demand, not time paper.

The note in suit is non-negotiable. (*Iowa Nat. Bank* v. *Carter*, 144 Iowa, 715; *Moyer* v. *Hyde*, 35 Ida. 161; *Kimpton* v. *Studebaker Bros. Co.*, 14 id. 552; *Great Falls Nat. Bank* v. *Young*, 67 Mont. 328, 335; *First Nat. Bank* v. *Bynum*, 84 N. C. 24; *Western Farquhar M. Co.* v. *Burnett*, 82 Ore. 174; *Reynolds* v. *Vint*, 73 id. 528; *Carroll County Sav. Bank* v. *Strother*, 28 S. C. 504; *Puget Sound State Bank* v. *Washington Pav. Co.*, 94 Wash. 504; *Gardiner* v. *Muir*, [1917] 10 Sask. L. R. 388.)

Verdict directed for defendant.